KOEPKE, Respondent, vs. MILLER and another, Appellants.*

*November 9—December 8, 1942.*

* Motion for rehearing denied, with $25 costs, on February 9, 1943.

502

504

For the appellants there was a brief by *Schmitz, Wild & Gross* and *John H. Murphy,* all of Milwaukee, and oral argument by *Edwin J. Gross.*

For the respondent there was a brief by *Cornelius T. Young* and *George D. Young,* both of Milwaukee, and oral argument by *George D. Young.*

FOWLER, J. The action is brought by a guest, Koepke, against his host, Miller, and his insurer, to recover for injuries sustained by him in a collision of the automobile in which he was riding with a moving freight train at a railroad crossing, which injuries were alleged to have been caused by the negligence of Miller in driving the automobile.

The appellants contend in substance that the court erred, (1) in not submitting to the jury the issue of Miller's negligence; (2) in not ruling that Koepke as matter of law assumed the risk of injury; (3) in not holding Koepke guilty of contributory negligence as matter of law; (4) in refusing to submit to the jury the form of special verdict requested by the defendants; (5) in submitting the issues by the form of verdict submitted; (6) in permitting a witness, Robb, to testify as to observations made in daytime two years after the collision as to how far he could see on the instant street ahead of an automobile; (7) in not granting a new trial; (8) in not reducing the amount of the verdict. These contentions will be considered in the order stated.

(1) Under this head two points are involved: Whether as matter of law Miller was negligent and whether his negligence was proximately causal. No other conclusion could reasona-

bly be drawn from the evidence stated preceding the opinion than that Miller was negligent as to lookout. It is undisputed that Robb saw and heard the train and that Miller did not hear it or see it until Robb called out to him to stop. Miller could and should have seen the train as soon as Robb as matter of law. Miller was therefore negligent as to lookout. As to the negligence being causal, it is undisputed that Robb was at least one hundred feet away from the train when he saw it and that the automobile was traveling between twenty and twenty-five miles per hour. By the table prepared by the highway commission, at twenty miles per hour a car can be stopped within forty feet and at thirty miles per hour in seventy-three feet. Miller had no difficulty in stopping his car at two arterials just previous. If he had seen the train when Robb saw it he could manifestly have stopped before he reached the track. His want of lookout was therefore causal as matter of law. It may be doubted whether, independent of lookout, there was negligence in failing to stop the car before reaching the moving train, as it does not appear that after Robb called out for him to stop anything could be done by Miller to avoid the collision. But this is immaterial. Miller's causal negligence as to lookout is all that is necessary to fix his responsibility. One valid ground existing it is immaterial whether any other existed.

(2) It is true that Koepke assumed the risk incident to the icy condition of the street, to the frosty condition of the windshield and side windows, and to Miller's intoxication, if any, and to the lateness of the hour as affecting loss of sleep. But he did not assume the risk of Miller's want of lookout. *Poneitowcki v. Harres,* 200 Wis. 504, 228 N. W. 126. The jury found that the want of lookout did not persist long enough to give Koepke time to protest. There was no reason for Koepke to think that Miller was not maintaining proper lookout until Robb called out, as theretofore on the trip Miller had driven the car properly. We consider that the issue of assumption of risk was for the jury to decide.

(3) The only ground for holding Koepke guilty of contributory negligence as matter of law would be that he sat where he could not see through the windshield. But we held in *Schmidt v. Leuthener,* 199 Wis. 567, 227 N. W. 17, that a guest is not guilty of negligence as matter of law when he goes to sleep in the rear seat of an automobile, and thus keeps no lookout at all. With equal reason a guest is not so guilty for not keeping a lookout because he is sitting back of a part of the windshield that is so frosted that he cannot see through it. The jury's finding that Miller's negligence did not persist long enough to give Koepke opportunity to protest also exonerates him from negligence in not warning Miller. Koepke's not warning would not be causal in any event, as Robb gave all the warning that Koepke could have given and that was too late to be effective.

(4), (5) The defendants prepared a long form of special verdict and requested its submission. The failure to submit the requested questions covering Miller's causal negligence becomes nonprejudicial in any view because those questions were properly decided by the court as matter of law. As to assumption of risk, the questions on that issue were prepared by the court. We consider them proper under the rule of this court first pronounced in *Cleary v. Eckart,* 191 Wis. 114, 210 N. W. 267, and since consistently adhered to. The questions on contributory negligence also presented that issue properly. The verdict submitted being proper and sufficient there was no occasion to submit the verdict requested by defendants or any question in it.

(6) Reference to the record discloses that the objection to the testimony of Robb here objected to was brought out by the defendant's counsel upon cross-examination. They cannot therefore allege error upon it, even if it be erroneous and we do not discuss whether it is error.

(7), (8) We consider that the only ground for a new trial that could be presented with any show of reason is that the damages assessed by the jury for personal injuries sustained

are excessive. The claim under (8) is twofold: Excessiveness, and that because thereof the court should reduce them. The latter the court cannot do except in case of liquidated damages as to the amount of which there is no dispute. See the recent cases of *Campbell v. Sutliff,* 193 Wis. 370, 377, 214 N. W. 374, and *Borowicz v. Hamann,* 193 Wis. 324, 325, 214 N. W. 431. They sufficiently cover the question and we see no occasion to discuss the matter here. The damages assessed aside from expense of care up to the time of trial are $5,739. This includes a future nose operation at estimated cost of $325, and loss of earnings amounting to $922.50. This leaves $4,491.50 for pain and inconvenience past and future and future disability. The plaintiff sustained a severe skull fracture, a severe brain concussion, bruises about the head, a broken nose, loosened and broken teeth, and a fractured jawbone, and a scarred face. As a result he has lost his sense of smell entirely and has some double vision and a face disfigurement that may be cured in part by the nose operation above referred to. We perceive no evidence of permanent physical disability except as may be incident to his nose and eye condition. On the whole we consider the award within the province of the jury to make, especially in view of an award of $12,000 by a jury in a former trial.

Other faults are found with the trial which we have considered. Some of them go to alleged failure to submit questions as to specific assumptions of risk which we have indicated above the plaintiff assumed as matter of law. The others are hypercritical and insignificant and do not require or merit particular mention.

*By the Court.*—The judgment of the circuit court is affirmed.