EGAN, Appellant, vs. WEGE and another, Respondents.

*November 5—December 4, 1951.*

For the appellant there was a brief by *Clifford C. Mullarkey* of Clintonville, and *Benton, Bosser, Becker, Parnell & Fulton* of Appleton, and oral argument by *Mr. David L. Fulton* and *Mr. Mullarkey*.

For the respondents there was a brief by *W. T. Kuchenberg* and *James R. Joyce,* both of Appleton, attorneys, and *Henry P. Hughes* of Oshkosh of counsel, and oral argument by *Mr. Hughes* and *Mr. Joyce*.

GEHL, J.   We recite here and in the foregoing only such facts as we consider necessary to a determination of the issues presented.  We omit reference to testimony bearing upon the

condition of the weather and the road and that which concerns the question whether vision through the windows of the Wege car was or was not obscured by mist. It does not appear that these circumstances affected Wege's conduct, or that they had any direct or indirect connection with the collision.

There is ample testimony to support the jury's findings that defendant was causally negligent in operating upon his left side of the highway and in not maintaining a sufficient lookout.

No attack is made upon the finding that plaintiff was guilty of contributory negligence. We do not deem it necessary to consider the claim of plaintiff that the jury was not warranted in finding that he assumed the risk incident to defendant's failure as to lookout and as to wrong-side driving, for if the court was in error in changing the answer to the question as to whether he assumed the risk incident to the manner in which defendant controlled and managed his car he is entitled to recover and the judgment must be reversed. *State ex rel. Litzen v. Dillett,* 242 Wis. 107, 7 N. W. (2d) 799, 9 N. W. (2d) 80.

The trial judge concluded that there was no testimony to support the answer and stated also in his memorandum opinion that the question as to whether defendant had been guilty of negligence with respect to his control and management of the car should not have been submitted; that there was no evidence to support an affirmative answer. We do not agree. The defendant once testified that the cars were one hundred fifty to two hundred feet apart when he first saw Bessett's car and upon another occasion, that they were then fifty feet apart. He was traveling at a speed not to exceed thirty miles per hour. There is no testimony as to the speed of the other car, but from the fact that Bessett was making a turn and the further fact that the impact resulted in but little damage to either of the cars, the jury might properly have inferred

that it was moving at a moderate rate of speed. Wege testified that if he had applied his brakes with sufficient force he could have stopped his car in time to have avoided the collision. His testimony was that he applied them lightly and turned slightly to his left. The jury might well have concluded that he took no effective steps, which in the exercise of ordinary care he might have taken after seeing the Bessett car, to avoid the accident. The jury was entitled to believe either of defendant's statements as to the distance the cars were apart when he first saw the other car. *Di Benedetto v. Milwaukee E. R. & L. Co.* 149 Wis. 566, 136 N. W. 282. Certainly, if the jury believed his testimony that when he first saw the other car they were one hundred fifty to two hundred feet apart, they were warranted in finding that if he had applied his brakes with sufficient force or had turned to his right the collision would not have occurred. *Employers Mut. Liability Ins. Co. v. Derfus,* 259 Wis. 489, 49 N. W. (2d) 400.

". . . the . . . situation merely presented a contrary state of evidence and it was within the province of the jury to decide which story was correct." *Swiergul v. Suamico,* 204 Wis. 114, 117, 235 N. W. 548.

Defendant contends that the rule of *Marchant v. Franz,* 259 Wis. 289, 48 N. W. (2d) 620, compels affirmance of the judgment. The cases are distinguishable. There, the plaintiff, who was following defendant's truck which stopped or slowed down rather suddenly and without warning, ran his car into that of the defendant. The plaintiff testified that he was unable to bring his car to a stop or to so control it as to avoid the collision; that he started to swing his automobile left, but seeing oncoming traffic, he turned to the right, but not sufficiently to avoid striking defendant's truck. We held that, because the court had submitted in the verdict a question inquiring whether plaintiff was guilty of negli-

gence with respect to control and management in addition to questions as to his negligence with respect to failure to sound his horn and lookout, there was a duplication of findings; that plaintiff's failure to sound his horn and to maintain a sufficient lookout were the sole causes of the collision so far as his conduct was concerned.

The distinction between the *Marchant Case* and the instant one lies in the fact that there is evidence here, the defendant's own testimony, which supports the jury's apparent conclusion that by proper control of his car defendant could have avoided the collision.

The question as to control and management was properly submitted and the answer may not be disturbed.

For a guest in an automobile to assume the risk incident to his host's negligent manner of driving and to prevent recovery by him there must be present: (1) A hazard or danger inconsistent with the safety of the guest; (2) knowledge and appreciation of the hazard by the guest; and (3) acquiescence or a willingness to proceed in the face of the danger. *Knipfer v. Shaw,* 210 Wis. 617, 246 N. W. 328, 247 N. W. 320.

We are unable to say as a matter of law that the second element was present in this case, that plaintiff had knowledge of the fact or probability that defendant would do nothing in the management of his car to avoid striking the Bessett automobile. There had been nothing in the previous conduct of Wege to alert the plaintiff to the fact that the former would fail to apply his brakes with sufficient force or to turn his car one way or another to avoid the collision.

"A rule which compels a guest to accept the driver-host with such skill as he possesses and with such infirmity of judgment as he has, seems eminently fair. The established rule as to assumption of risk by a guest should not be extended to situations where a host is inattentive and careless in making observations, to situations where his faulty judgment is based upon faulty premises proceeding from careless

observation, or to hasty judgments resulting from careless observation." *Harter v. Dickman,* 209 Wis. 283, 288, 245 N. W. 157.

The answer of the jury that plaintiff did not assume the risk incident to defendant's negligent management and control of the car should not have been changed.

*By the Court.*—Judgment reversed with the direction that judgment be entered upon the verdict for plaintiff.

BROADFOOT, J., dissents.