WATLAND, Appellant, vs. FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY and another, Respondents.

*April 8—May 6, 1952.*

478

*Vaughn S. Conway* and *Kenneth H. Conway,* both of Baraboo, for the appellant.

For the respondents there was a brief by *Langer & Cross* of Baraboo, and oral argument by *H. M. Langer* and *Clyde C. Cross.*

MARTIN, J. The primary question presented is that of assumption of risk. Wittenburg was found by the jury to have been causally negligent with respect to driving while under the influence of intoxicating liquor, and there was ample credible evidence upon which the jury could so find. Testimony of both Wittenburg and the appellant clearly showed that a great deal of whiskey had been consumed by them during the course of the evening. They were together during all of that time. Wittenburg was convicted of drunken driving at the time of the accident on his plea of guilty.

It is well established that a drinking-partner guest assumes the risk of injury incidental to a host's drunken driving. As was said in *Schubring v. Weggen* (1940), 234 Wis. 517, 521, 291 N. W. 788:

"Voluntary intoxication does not relieve one driving an automobile from his responsibility to care for others. No

more should it relieve one voluntarily riding in an automobile from responsibility to care for himself. Voluntary intoxication in such case does not exempt one from the doctrine of contributory negligence. No more should it exempt one from the doctrine of assumption of risk. Contributory negligence and assumption of risk, if the former does not include the latter, are at least sufficiently related to bring both host and guest under the same rule as to nonexemption from responsibility. As intoxication of the host does not exempt him from responsibility for protection of others, so intoxication of the guest does not exempt him from responsibility for self-protection. This should be the rule in case of reckless misconduct as well as in conduct amounting only to ordinary negligence."

This case was cited in *Gilbertson v. Gmeinder* (1948), 252 Wis. 210, 213, 31 N. W. (2d) 160, where the court said:

". . . if Gmeinder was drunk, then as a matter of law Gilbertson, having been with him all during the time he was drinking, would assume the risk flowing therefrom."

Upon motions after verdict appellant did not dispute the findings of the jury respecting Wittenburg's intoxication, its causal effect, or appellant's assumption of the risk incidental thereto. Nevertheless, it is apparently counsel's contention that appellant could not assume the risk of Wittenburg's momentary negligence with respect to lookout, control, and being on the wrong side of the highway. We do not see how any such momentary negligent acts or omissions can be disassociated from Wittenburg's general state of intoxication, which was known or should have been known to her. She had been drinking with him all evening. When she voluntarily rode with him under those circumstances she assumed the risk of injury caused by his negligent operation of the automobile, whether such negligence was momentary or part of a course of driving conduct which would have warned her that he was in no condition to drive.

It is not necessary to consider appellant's contentions with respect to Wittenburg's negligence as to lookout, control, and being on the wrong side of the highway. Even if the facts had been such as to warrant the jury's finding that Wittenburg was causally negligent in all such respects, the appellant could not recover since she assumed the risk of all his negligent acts in operating the automobile when she voluntarily rode with him regardless of his intoxicated condition.

*By the Court.*—Judgment affirmed.