Erickson, Appellant, vs. Pugh, Respondent.

*October 6—November 9, 1954.*

For the appellant there were briefs and oral argument by *Frank X. Didier* of Port Washington.

For the respondent there was a brief by *Schanen, Schanen & Pauly* of Port Washington, and oral argument by *Erwin N. Pauly*.

MARTIN, J. In our opinion a new trial must be had for the reason that the issues were not properly submitted to the jury.

The facts are, briefly, that the parties left Port Washington at about 11 a. m. on November 17, 1951, to visit a hunting cottage near Elcho north of Antigo. The accident happened on Highway 45 about 200 miles north of Port Washington at approximately 9:50 that night. Between the hours of 12 noon and 9 p. m. plaintiff and defendant stopped at five different taverns along the way and consumed considerable liquor. Plaintiff admitted on adverse examination that he had ten to twelve drinks of bourbon and soda, but he stated on the trial that he did not think he had that many, he didn't count them. Defendant testified they drank continuously between 12 noon and 3 p. m. at Plymouth and had more to drink at the four places they stopped after that. She testified that upon leaving the last tavern near Antigo she was "filled with alcohol," that neither she nor the plaintiff was "entirely sober," that plaintiff's condition "was like mine—bad." It is undisputed that they were together all the time.

In her answer defendant set out the defense of assumption of risk. On the trial her counsel requested the submission of questions on assumption of risk, but the court denied such request.

On the evidence of drinking in this record the jury could have concluded that neither plaintiff nor defendant was able to exercise ordinary care at the time this accident happened.

Therefore, the first question that should be submitted to the jury is whether or not the defendant was operating her car while under the influence of intoxicating liquor.

If this question is answered in the affirmative, it follows as a matter of law that the plaintiff assumed all the risks incident to such intoxication. In *Koepke v. Miller* (1942), 241 Wis. 501, 506, 6 N. W. (2d) 670, it was held:

"It is true that Koepke assumed the risk incident to the icy condition of the street, to the frosty condition of the windshield and side windows, *and to Miller's intoxication, if any*, . . ." (Emphasis supplied.)

Likewise, in *Gilbertson v. Gmeinder* (1948), 252 Wis. 210, 213, 31 N. W. (2d) 160:

". . . if Gmeinder was drunk, then as a matter of law Gilbertson, having been with him all during the time he was drinking, would assume the risk flowing therefrom. *Schubring v. Weggen* (1940), 234 Wis. 517, 291 N. W. 788."

If the answer to the question of driving under the influence of liquor is in the negative, then the jury should answer the question as to whether defendant increased the danger assumed by plaintiff when he entered the car, or created a new danger, with respect to lookout, speed, and management and control; followed by a question on causation. If the question on defendant's negligence is answered "Yes" in any of its subdivisions, then the jury should find as to whether the plaintiff assumed the increased danger or the new danger created after entering the automobile. Such a direct question on assumption of risk is necessary because it is clear from the evidence that the danger which plaintiff assumed upon entering the car at Port Washington may have been increased, or a new danger created, as the trip progressed and that he could have assumed such increased danger or new danger, in view of the testimony about drinking, the evidence

regarding the icy condition of the road, and the fact that defendant was unfamiliar with the highway upon which she was driving.

The verdict as submitted in this case was improper because it contained no question as to whether defendant was driving under the influence of intoxicating liquor and because it failed to submit the question on assumption of risk.

A new trial is necessary for the reason set out above. We are not satisfied that the verdict was defective under sec. 270.25, Stats., as held by the trial court, but since we are not deciding the appeal on that ground it is not necessary to pass upon the question.

*By the Court.*—Order affirmed. Appellant and respondent to pay their own costs.