FREY, Appellant, vs. DICK and another, Respondents.*

*April 2—May 1, 1956.*

* Motion for rehearing denied, with $25 costs, on June 22, 1956.

4

For the appellant there were briefs by *Lepp & Phillips* of Kenosha, and oral argument by *Burton Lepp*.

For the respondents there was a brief by *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *William A. Sheldon*.

CURRIE, J.   Counsel for the plaintiff Frey seek reversal on this appeal on the ground that the negligent speed and lookout on the part of the host Dick were momentary in

character and could not be assumed by the guest as a matter of law. In support of such position there are cited the cases of *Diersen v. Staven* (1956), 271 Wis. 519, 74 N. W. (2d) 158; *Wibbeler v. Reed* (1953), 265 Wis. 141, 60 N. W. (2d) 700; and *Wheeler v. Rural Mut. Casualty Ins. Co.* (1952), 261 Wis. 528, 53 N. W. (2d) 190.

Ordinarily it is true that negligent lookout on the part of a host-driver is momentary in character, and, when such is the case, the risk thereof is not assumed by the guest. Likewise the failure of Dick to reduce his speed to 30 miles per hour as he approached the curve was also conduct which had not been persisted in long enough to give rise to an assumption of such risk by Frey if there is ignored the testimony relating to the drinking. However, if Dick's negligent lookout and speed were the result of the consumption by him of intoxicating liquor, which drinking was known to Frey when he entered the car, then there would be an assumption of the risk of such negligence by Frey.

This brings us to the crux of the case of whether the jury could consider the evidence of Dick's drinking of intoxicants in answering the questions of the verdict with respect to Dick's negligence and Frey's assumption of the risk. On the basis of Dick's own testimony, the jury well could have concluded that he and Frey had each consumed six drinks of bourbon and sour in the presence of each other in a period of less than two hours preceding the accident. Counsel for the plaintiff contend that such evidence of drinking must be entirely disregarded by this court, in passing upon the issue of assumption of risk, because of the jury's answer of "No" to question 1 of the verdict, which inquired as to whether Dick was operating his automobile while under the influence of intoxicating liquor.

We would be inclined to agree with this contention if the jury had been instructed not to consider such evidence of drinking in answering the negligence and assumption-of-risk questions if they answered question 1 "No." However, we

find upon examining the charge that the jury not only were not so instructed but on the contrary were told that they might consider such evidence of drinking in answering the negligence questions. This is readily apparent from the following quoted portion of the charge:

"Sec. 85.13 (1) of the Wisconsin statutes provides that it shall be unlawful for any person who is under the influence of intoxicating liquor to operate any vehicle on any highway. A driver of an automobile is under the influence of intoxicating liquor within the meaning of this statute when his indulgence in the use of intoxicating liquor is such as to result in an appreciable interference of the exercise by him of ordinary care in the management of such vehicle.

"Testimony has been received with respect to indulgence by both parties in intoxicating liquor. This testimony you may consider together with all other facts and circumstances shown by the evidence in determining whether or not Cecil Dick was negligent. The nature or extent of indulgence of the intoxicating liquor may be considered by you in determining whether or not the plaintiff, Edward Frey, failed to use ordinary care for his own safety."

The jury were also instructed further on the issue of whether Frey assumed the risk of Dick's negligent speed and lookout as follows:

"The negligence, if any, of the host which the guest does not assume is the momentary act or nonaction of the host of which the guest has had no knowledge and as to which the guest has had no opportunity to protest or object."

In view of this last-quoted sentence from the trial court's instructions, we are warranted in assuming that the jury did not disregard the same when they answered "Yes" to the two subdivisions of question 4 thereby finding that Frey did assume the risk of Dick's negligent speed and lookout. Such answers are also entirely consistent with that part of the instructions quoted, supra, that the jury might consider the testimony as to indulgence in intoxicating liquor in answering the negligence questions.

We can come to no other conclusion than that we are faced on this appeal with an inconsistent verdict. This is because the answers of "Yes" to both subdivisions of question 4 of the verdict (the assumption-of-risk question), which can only be sustained on the premise that the jury considered Dick's negligent speed and lookout to have been the result of his excessive drinking, are inconsistent with the answer "No" to question 1.

If plaintiff had moved after verdict for a new trial because of an inconsistent verdict and on the appeal had requested this court to reverse and grant a new trial on such ground, we would direct that a new trial be had. However, plaintiff at no time, either in the court below or here, has requested a new trial as an alternative to his request for judgment for the amount of damages found by the jury. Therefore, inasmuch as there is credible evidence to support the jury's answers of "Yes" to the two subdivisions to question 4 (the assumption-of-risk question), we consider it to be our duty to affirm the judgment. This result is required because, so long as such answers are permitted to stand in the verdict, the plaintiff is precluded from recovering judgment. The fact that such answers may be inconsistent with the answer to question 1 is immaterial except on the issue of granting a new trial, which issue is not before us on this appeal.

We do not deem that any strong equities exist in plaintiff's favor which would warrant us to invoke the discretionary power vested in us by sec. 251.09, Stats., and grant a new trial in the interest of justice.

We, however, do consider it advisable to point out how the inconsistent verdict which resulted in this case could have been avoided. One way to accomplish this in the instant case would have been to have omitted entirely from the verdict question 1, which inquired as to whether the host-driver operated his automobile while under the influence of intoxicating liquor, and covering the matter of intoxication in the instructions given with respect to the questions of the verdict

dealing with negligence and assumption of risk. Another alternative would have been to have worded the verdict as it was but to have instructed the jury that the consumption of intoxicating liquor should not have been considered in answering any questions of the verdict, other than question 1.

Of these two suggested alternative methods, we much prefer the first, *i. e.,* the omission of any question of intoxication of the host-driver from the verdict, and, in lieu thereof, covering the subject of intoxication by the instructions. This is because intoxication in itself does not give rise to liability, but only does so when combined with some act of causal negligence. *McNamer v. American Ins. Co.* (1954), 267 Wis. 494, 66 N. W. (2d) 342.

We do not approve of the wording of the quoted instructions on intoxication given by the learned trial court in the instant case. While such instructions correctly defined "under the influence of intoxicating liquor," as applied to a driver of a motor vehicle, the jury should also have been instructed that they must first determine that the driver's consumption of liquor appreciably interfered with his care and management of the vehicle before they could properly consider the evidence as to the driver's drinking in answering the questions of the verdict dealing with his negligence, and the alleged assumption of risk by the plaintiff guest.

As a general rule in an automobile accident case it is not necessary to give any instruction on the subject of driving while under the influence of liquor because it is immaterial what caused the particular alleged failure of the driver to use ordinary care. However, in a host-guest case where assumption of risk is an issue such an instruction is proper when there is evidence of the driver having consumed intoxicating liquor to the knowledge of the guest.

In fairness to the trial court it should be mentioned that he modeled the verdict in the instant case after that recommended by this court in *Erickson v. Pugh* (1954), 268 Wis. 53, 66 N. W. (2d) 691. The evidence of drinking on the

part of both the host and the guest in that case was so strong that we thought there would be every likelihood of the jury answering in the affirmative the recommended first question, which inquired as to whether the host operated her vehicle while intoxicated, thus obviating the necessity of the jury answering any other questions in the verdict. Further experience gained in appeals in which the trial court employed the form of verdict recommended in the *Erickson Case* has caused us to doubt the wisdom of trying to employ such a short cut in disposing of the intoxication issue in host-guest cases.

*By the Court.*—Judgment affirmed.

The following opinion was filed on June 22, 1956:

CURRIE, J. (*on motion for rehearing*). Counsel for the plaintiff in their brief in support of plaintiff's motion for rehearing contend that there is no evidence in the record that Dick's consumption of liquor appreciably interfered with his care and management of his automobile.

While it is true that there is no testimony that Dick at the time of the accident staggered when he walked or talked incoherently, we do not deem evidence of this nature is a prerequisite to a jury finding *in a civil case* that a driver operated a motor vehicle while under the influence of intoxicating liquor. In the instant case there was evidence that Dick had consumed six drinks of bourbon and sour within a period of less than two hours prior to the accident. Furthermore, the testimony disclosed that he was familiar with the highway and the particular curve where the accident occurred, and had traversed such curve with his automobile many times in the past without losing control and running off the highway. We consider that these facts clearly presented a jury issue as to whether Dick's consumption of intoxicating liquor had appreciably interfered with his care and management of his car.

*By the Court.*—Motion for rehearing is denied with $25 costs.