ESTATE OF O'BRIEN : OLDENBURG, Respondent, vs. O'BRIEN, Executor, Appellant.

*May 3—June 5, 1956.*

For the appellant there were briefs by *Zillmer & Redford,* and oral argument by *William C. Dill,* all of Milwaukee.

For the respondent there was a brief and oral argument by *H. Maxwell Manzer* of Madison.

GEHL, J.   Sec. 324.05, Stats., provides as follows:

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms

and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably; or the court may reopen the case and grant a retrial, but the order therefor must be made within one year after the act complained of."

It is contended by the appellant that the court, presided over by Judge DARLING, erred in setting aside Judge KRONCKE's order; that, since no determination of the issue presented by the objection to the claim had been made, the statute is not applicable,—the one-year period had not begun to run.

The order entered by Judge KRONCKE is a formal declaration of the court and the recital therein that "on June 12, 1952, the court . . . [had] orally rendered his decision for the claimant against the estate in the sum of $544.05" must be treated as a verity. In fact, it is not disputed that the pronouncement referred to by Judge KRONCKE was made. When it was made the claim was allowed and there remained nothing to be done except the clerical duty of reducing the judgment to writing. The judicial act was complete. *Zbikowski v. Straz* (1940), 236 Wis. 161, 294 N. W. 541.

The objector contends that since there was a failure to comply with the provisions of sec. 313.06, Stats., there was no effective judgment. It is there provided as follows:

"The court shall make a statement embracing lists of the claims presented against the decedent and those exhibited in offset and stating how much was allowed and how much disallowed in each case, together with the final balance, whether in favor of the creditor or the estate; and the same shall be signed by the judge, be recorded, and stand as the judgment of the court. If the balance is in favor of the estate the payment thereof may be enforced by execution."

The statute does not purport to prescribe a mode of rendering a judgment on claims. It is no more than a direction as to the manner in which the court's action is to be recorded.

That is made abundantly clear by its language that the court shall make a statement stating how much *was* allowed and disallowed in each case.

It follows that since the record discloses that the claim was allowed on June 12, 1952, the court was without jurisdiction to act in the matter after the expiration of one year from that date except to record its action. *State ex rel. Chinchilla Ranch, Inc., v. O'Connell* (1952), 261 Wis. 86, 51 N. W. (2d) 714, cited by the objector is not in point. The court held in that case that the record, particularly a statement of the trial judge, established that the document claimed to be an order was no more than the judge's *opinion* setting forth his views on the question presented and that it should not be accorded the dignity of a judgment or order. In the instant case there was a decision.

" 'There is a wide difference between "decisions" and "opinions." The decision of a court is its judgment; the opinion is only the reasons given for that judgment.' " *In re Brown* (1940), 6 Wash. (2d) 215, 235, 107 Pac. (2d) 1104.

Judge DARLING, whose authority to act in the matter is not questioned, ruled correctly that Judge KRONCKE's order for a new trial was entered without authority. The form and contents of his order are such that they may be interpreted as a recording of the judgment of June 12, 1952, allowing the claim. We give it such construction.

Appellants contend that the claimant should be held guilty of laches in that he failed for nearly three years to obtain the formal entry of the judgment pronounced on June 12, 1952. No one seems to have been prejudiced by the delay unless it be the claimant himself who has thereby put off the date of payment of his claim. Furthermore, we would not concede that it was his duty any more than it was the duty of the executor to present to the judge a formal order for his signature.

*By the Court.*—Judgment affirmed.