SANDERSON, Appellant, vs. FRAWLEY and another, Respondents.

*September 12—October 9, 1956.*

460

For the appellant there were briefs by *Hebert & Smith* of Tomahawk, and oral argument by *Robert G. Hebert.*

For the respondents there was a brief by *Smith, Okoneski, Puchner & Tinkham* of Wausau, and oral argument by *Richard P. Tinkham.*

WINGERT, J.    Plaintiff urges four grounds for reversal.

1. The jury's finding that plaintiff knew defendant was intoxicated when he entered the car is challenged as not supported by the evidence. We consider, however, that there was enough evidence to warrant the finding.

The fact that defendant was intoxicated, to an extent substantially impairing his ability to operate and control his automobile properly, stands established without challenge by the answer to question 1. Plaintiff entered Frawley's car shortly after 1 a. m. In the ten hours from 2 the previous afternoon until midnight, Frawley had sat continuously in a tavern and had drunk over 25 large bottles of beer, without

anything to eat. He then went to another tavern, where plaintiff was tending bar, and in that place had more drinks. He did not know how many, nor whether he had anything else but beer. During that hour, plaintiff personally served him four glasses of beer. In the last ten or fifteen minutes before the accident, defendant was the only patron in the barroom, while plaintiff was cleaning up. Frawley admitted that he was intoxicated, and that "it could be noticeable in my talk." It further appeared that within a very short time after they started, his driving became erratic, weaving back and forth across the road at high speed, to the extent that plaintiff protested repeatedly. Frawley testified, "I was going quite fast from the effect of these drinks. . . . I was rather reckless, I would say, because of the amount of drinks that I'd had."

In the face of this evidence, the jury was not required to believe plaintiff's testimony that he did not know that Frawley was intoxicated when they started on their drive, and that Frawley did not show signs of intoxication.

2. The jury having found, on sufficient evidence, that Frawley was intoxicated and that plaintiff knew it when he entered the car, the trial court held that plaintiff had assumed the risk as a matter of law. It is argued that this was error, and that assumption of risk in such a situation is a question for the jury. *Koepke v. Miller,* 241 Wis. 501, 6 N. W. (2d) 670, is pressed upon us, and plaintiff argues, with the support of authority from some other jurisdictions, that the guest who embarks on a ride with a host whom he knows to be intoxicated should not be held to assume the risk of the latter's negligence as a matter of law, because there are wide differences in the degree of intoxication, in its effect on particular individuals, and in the extent to which it affects ability to drive a car; and hence it should be left to the jury to determine whether in the particular circumstances there was an assumption of risk.

We consider, however, that the matter is concluded in favor of the trial court's disposition of the case, by previous decisions of this court. It is well established in Wisconsin that a guest who embarks on an automobile ride with a host whom he knows to be intoxicated assumes the risk of the host's negligence related to his intoxication. See, for example, *Watland v. Farmers Mut. Automobile Ins. Co.* 261 Wis. 477, 479, 53 N. W. (2d) 193; *Gilbertson v. Gmeinder,* 252 Wis. 210, 213, 31 N. W. (2d) 160; and *Erickson v. Pugh,* 268 Wis. 53, 55, 66 N. W. (2d) 691.

In a very recent case, we said:

"Ordinarily it is true that negligent lookout on the part of a host-driver is momentary in character, and, when such is the case, the risk thereof is not assumed by the guest. . . . However, if Dick's negligent lookout and speed were the result of the consumption by him of intoxicating liquor, which drinking was known to Frey when he entered the car, then there would be an assumption of the risk of such negligence by Frey." *Frey v. Dick,* ante, pp. 1, 6, 76 N. W. (2d) 716.

While a number of the cases in which the rule of assumption of risk has been developed were "drinking partner" cases, where the guest had been drinking with the host, that does not diminish their authority in the present situation. The assumption of risk results from the guest's knowledge of the host's intoxication, whether obtained from participation or observation, and not from the guest's own condition.

While there are different degrees of intoxication, the court pointed that out to the jury in the present case, and instructed them to find intoxication only if they found that Frawley's drinking substantially affected and impaired his ability to operate and control his automobile properly, and to give the term the same meaning in answering question 2, relative to plaintiff's knowledge of Frawley's intoxication. Hence it must be taken as true that plaintiff knew when he entered the

car that Frawley had been drinking to an extent likely to impair his ability to operate and control the automobile.

*Koepke v. Miller,* 241 Wis. 501, 506, 6 N. W. (2d) 670, does not require a reversal here. In that case there was no finding that the host was actually intoxicated, though the evidence would have supported such a finding, and nothing to show that the want of lookout which caused the accident was the result of intoxication. This court said, however:

"It is true that Koepke assumed the risk incident to the icy condition of the street, to the frosty condition of the windshield and side windows, *and to Miller's intoxication, if any, . . .*" (Emphasis supplied.)

In the present case there could be no doubt that Frawley's intoxication contributed to the negligence which caused the accident. He, himself, admitted he was reckless because of the amount of drinks that he had had, and his manner of driving as described by plaintiff corroborated that testimony.

3. Plaintiff argues that in any event he should be granted a new trial because of error in admission of evidence. The ruling complained of is that the defendant Frawley was permitted to testify as follows (after admitting that he was intoxicated):

"*Q.* What effect did the bottles of beer that you had, have upon you as you walked, or talked, and drove a car, at that time? *A.* Well, it could be noticeable in my talk."

The trial court's refusal to strike the witness' answer as nonresponsive and a conclusion is criticized, but we perceive no error. The question was pertinent and the answer responsive. While not a model of precision, the answer was a layman's effort to describe his perceptible condition, and its probative value was for the jury to assess.

4. Finally it is contended, citing *Frey v. Dick,* ante, pp. 1, 8, 76 N. W. (2d) 716, 77 N. W. (2d) 609, that a new trial

should have been granted because of inconsistency between the jury's findings that defendant was intoxicated and that plaintiff knew he was intoxicated, and the finding that plaintiff did not assume the risk when he entered the defendant's car. This was not an inconsistency in the view taken by the jury with respect to matters of fact, but the jury's answer on the assumption-of-risk question was rather in the nature of a mistake of law, and should be treated as surplusage. The jury having found that defendant was intoxicated and that plaintiff knew it, there was no occasion to answer the assumption-of-risk question. The inconsistency mentioned in *Frey v. Dick, supra,* was an inconsistency as to a matter of fact, indicating that the jury must have found the facts differently in answering one question than in answering the other (ante, pp. 7, 8). Here there was merely a failure to apprehend that the findings on intoxication and plaintiff's knowledge thereof settled the question of assumption of risk as a matter of law.

Such superfluous answers may be avoided in future cases where a similar form of special verdict is used, by instructing the jury to disregard the question on assumption of risk if the questions on the host's intoxication and the guest's knowledge thereof are both answered in the affirmative.

In the present circumstances we do not see that the interests of justice, or any good purpose, would be served by a new trial.

*By the Court.*—Judgment affirmed.