TOPEL, Administratrix, Appellant, vs. CORREZ and another, Respondents.

*October 8—November 7, 1956.*

For the appellant there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil*.

For the respondents there was a brief by *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *Frederick D. Hartley.*

BROWN, J.   An order for a directed verdict must be affirmed unless the trial court is clearly wrong. *Wear v. Northern States Power Co.* (1952), 262 Wis. 9, 53 N. W. (2d) 777, and cases there cited.  See also the numerous cases cited in 1 Callaghan's Wisconsin Digest, Appeal and Error, p. 555, sec. 831.

The issues on this appeal are, first: Was Correz causally negligent in the operation of his automobile?  The answer to that must be "Yes" as a matter of law.  Second: Did Topel assume the risk of this negligence?  If he knew or *ought to have known* that by reason of intoxication Correz was unfit to drive, Topel assumed the risk of the results of that intoxication and cannot avoid the assumption by his inability to appreciate Correz's condition '(and the consequent risk) because of his own drunkenness. *Schubring v. Weggen* (1940), 234 Wis. 517, 521, 291 N. W. 788; *Watland v. Farmers Mut. Automobile Ins. Co.* (1952), 261 Wis. 477, 53 N. W. (2d) 193.  However, as in any assumption-of-risk case, before the assumption attaches to him the guest must have known or *should have known* the risk which it is claimed he has assumed.

There is no evidence that Topel had actual knowledge that Correz was intoxicated at any time.  The question whether such knowledge may be imputed to him requires a review of the evidence.

About 1:30 a. m. on March 22, 1953, Correz and two friends, Beine and Faulkenstern, entered a certain tavern where Topel was a patron.  All four left the tavern about 3:30 a. m.  Topel considered his drinking had impaired his driving ability and asked one of the others to drive him home

in Topel's car. Correz responded. There is no evidence of any mismanagement of the automobile on his part until he ran it off the road at an "S" curve. After the accident, because a man had been fatally injured, police officers gave Correz a test for intoxication which proved positive. Later, he pleaded guilty to drunken driving. He testified, too, in the present action that he was "somewhat intoxicated" at the time he drove Topel's car. There is, however, no testimony whatever concerning Correz's behavior in the tavern, at the scene of the accident or elsewhere by which his intoxication could be recognized by anyone. The witness, Beine, who had been with Correz all evening, did not testify that Correz was drunk or acted drunk. The extent of his evidence on this subject is confined to one question and answer:

"*Q*. Did you observe John Correz have anything to drink that was intoxicating during the period you were in the bar? *A*. Yes."

There is no testimony that Correz had more than one drink in this tavern, no testimony concerning his behavior inconsistent with complete sobriety, and none that any drinking he indulged in was in the presence of Topel or known to him, while there is evidence that Topel was outside during part of the time Correz was in the tavern. This is the extent of the evidence concerning Correz's apparent condition before the accident and we consider it, at least as concerns matters of law, insufficient to apprise a sober, observant person having the opportunities of observation which Topel had that Correz was in a state which made him an unsafe driver.

In *Muehlenbeck v. Fitchett* (1955), 270 Wis. 373, 375, 71 N. W. (2d) 293, we said:

"The elements required to establish assumption of risk are:

" '(1) A hazard or danger inconsistent with the safety of the guest; (2) knowledge and appreciation of the hazard by the guest; and (3) acquiescence or a willingness to proceed

in the face of the danger.' *Egan v. Wege,* 260 Wis. 118, 123, 50 N. W. (2d) 457."

In our view it would be difficult enough on this record to sustain a jury finding that a vigilant observer, having the means of knowledge available to Topel, would have known and appreciated the hazard of riding in an automobile driven by Correz. It is impossible to sustain the trial court's affirmative determination of that fact as a matter of law. At the least, appellant was entitled, as she contends, to have submitted to the jury under proper instructions the question of whether Topel knew or ought to have known and appreciated this hazard.

The defendants submit that no causal connection has been shown between the accident, the injuries, and the death, and without some evidence that the accident caused injuries from which Topel died, they are entitled to a directed verdict. The complaint alleged that as a result of specified negligence in the operation of the automobile Topel was so injured that within a few hours such injuries caused his death. The answer alleged that Topel failed to use due care for his own protection and, upon information and belief, that his injuries resulted from his own contributory negligence. There is no denial of the complaint's allegations that the accident caused the injuries and the injuries caused his death. Sec. 263.13 (1), Stats., provides that the answer of the defendant must contain a specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information sufficient to form a belief. Sec. 263.26 provides:

"ADMISSION BY NOT DENYING. Every material allegation of the complaint, and of a counterclaim not controverted as prescribed, shall, for the purposes of the action, be taken as true. . . ."

The complaint's allegation that the accident caused Topel's injuries and death has not been denied or controverted by the

answer and therefore stands admitted. Under the circumstances the plaintiff was not required to offer proof of the fact. In addition, Correz testified that Topel was injured in the accident. Verdict for defendants could not properly be directed for failure of proof.

*By the Court.*—Judgment reversed, with directions to the trial court to order a new trial.