VEN ROOY and another, Appellants, v. FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

KOLESKE and another, Appellants, v. SAME, Respondent.

*October 9—November 5, 1958.*

378

For the appellants there was a brief by *Nikolay, Jensen & Scott* of Abbotsford, and oral argument by *John J. Nikolay* and *Corliss V. Jensen*.

For the respondent there was a brief by *Genrich, Terwilliger, Wakeen, Piehler & Conway,* attorneys, and *Paul D.*

*Hilton* of counsel, all of Wausau, and oral argument by *Herbert L. Terwilliger.*

HALLOWS, J. The main issue raised by this appeal is the question of the assumption of risk by the plaintiffs. As a general rule before a guest can be held to have assumed the risk of his host's negligence the evidence must show three factors, to wit: (1) The hazard or danger inconsistent with the safety of the guest; (2) knowledge and appreciation of the hazard by the guest, and (3) acquiescence or a willingness to proceed in the face of danger. *Prunty v. Vandenberg* (1950), 257 Wis. 469, 44 N. W. (2d) 246. Instructions to the jury in accordance with this rule were given by the trial court in connection with the questions on the assumption of risk. We must assume that the jury in answering these questions did not disregard these instructions.

Negligent lookout as a general rule is ordinarily of such a momentary character that a guest cannot be found to have assumed it, but two exceptions are noted in *Bronk v. Mijal* (1957), 275 Wis. 194, 81 N. W. (2d) 481, namely, (1) where a guest acquiesces in a host-driver operating his car for a considerable distance with a windshield clouded with frost or moisture, the guest may be found to have assumed the risk of the host's negligent lookout, and (2) where there is evidence that the host to the knowledge of the guest has consumed intoxicating liquor in a quantity which might appreciably interfere with the exercise by the host of ordinary care in the operation of his vehicle, a jury is permitted to find assumption of risk as to lookout. We see no reason under proper circumstances why the second exception should not apply to management and control as well as lookout.

The trial court in its instructions on the first question to which the jury answered Donald, the host, was operating his automobile under the influence of intoxicating beverages,

stated the jury should answer the question "No" if Donald's drinking prior to the accident did not substantially affect and impair his ability to operate and control his automobile at the time of the accident, and, if his drinking did substantially affect and impair his ability to properly operate and control his automobile at the time of the accident, it should answer the question "Yes."

In its instructions on questions 2 and 3 the court stated the term "under the influence of intoxicating beverages" had the same meaning as in the first question. The jury could well have believed that the drinking of Donald appreciably affected his ability to properly operate and control his automobile at the time of the accident but the plaintiffs did not know at the time they entered the car that such was the effect of the host's drinking. There is evidence that both of the plaintiffs knew that Donald had been drinking beer prior to entering the car and that they themselves had been drinking beer. The fact the jury found that the plaintiffs did not know that Donald was under the influence of intoxicating beverages at the time they entered the car is not inconsistent with the finding that the plaintiffs some time thereafter knew, or should have known, that the driver's consumption of intoxicating liquor might appreciably interfere with the exercise by him of ordinary care. The jury should consider the plaintiffs' condition just prior to and at the time of the accident in connection with the question on assumption of risk. This is not inconsistent with *Erickson v. Pugh* (1954), 268 Wis. 53, 66 N. W. (2d) 691.

Just prior to and at the time of the accident the plaintiffs also knew the car was being driven at an excessive rate of speed although the jury found that the driver was not negligent in this respect. There was credible evidence from which the jury could reasonably infer that the driver was not giving his undivided attention to the management and control of the automobile. For some time prior to the accident the plaintiffs

and the other passengers were singing "Sparrow in the Tree-top" and as one testified, they were "goofing it up" because they did not remember all the words, or "messing it up" as another witness testified. The plaintiffs were aware that the driver was singing a different song, namely, "Bury Me Not on the Lone Prairie." The jury could reasonably conclude, considering Donald was under the influence of intoxicating beverages at the time, that the plaintiffs knew, or should have known, Donald was negligent in respect to lookout and management and control. The conduct of the plaintiffs in this situation was itself an acquiescence or willingness to proceed in the face of such danger. No one objected to the conduct of the driver.

Such a situation is distinguishable from mere conversation in a vehicle, which this court has held would not justify a legitimate inference of lack of lookout. *Behr v. Larson* (1957), 275 Wis. 620, 83 N. W. (2d) 157. We conclude on the record in this case that the jury was justified in answering the questions on the assumption of risk the way they did.

The appellants further claim the verdict is inconsistent under the rule of *Frey v. Dick* (1956), 273 Wis. 1, 76 N. W. (2d) 716, 77 N. W. (2d) 609. In *Frey v. Dick* the jury found that the host was not under the influence of intoxicating liquor while in this case the jury found the host was. We have already pointed out there was no inconsistency in finding the plaintiffs did not know at the time they entered the car that the driver was under the influence of liquor and the finding that the plaintiffs knew, or should have known, at a later time and under different circumstances that the driver was under the influence of intoxicating liquor. The condition of the driver might not have manifested itself at the earlier period of time but did at the later period either because of the changed external circumstances or because of

the increase in the effect of the consumption of liquor during the lapse of time.

Under the rule of *Topel v. Correz* (1956), 273 Wis. 611, 79 N. W. (2d) 253, it was proper in the instructions relating to the questions of risk just prior to and at the time and place of the accident to include the language "a guest who knows, or in the exercise of ordinary care should have known, that the conduct of his host-driver, is in any respect dangerous, is required under the law to make known his objection to such conduct by protesting."

Because we believe there is credible evidence and legitimate inferences which could be drawn by the jury which sustain the findings of the assumption of risk, it is not necessary to consider the alternative questions raised by the respondent.

*By the Court.*——Judgments affirmed.

MARTIN, C. J., and BROWN, J., took no part.