RONALD C. STOTZHEIM v. KERMIT DJOS.

98 N. W. (2d) 129.

July 31, 1959—No. 37,642.

---

[5]Ponzi v. Fessenden, 258 U. S. 254, 42 S. Ct. 309, 66 L. ed. 607.
[6]See footnote 4.

*Nahurski & Cyptar,* for appellant.
*Thomas J. Battis* and *Murnane & Murnane,* for respondent.

MURPHY, JUSTICE.

This is a personal injury action brought by plaintiff, Ronald C. Stotzheim. He was a passenger in an automobile driven by defendant, Kermit

Djos.[1] This automobile was involved in an accident near Ellsworth, Wisconsin. The plaintiff claims that defendant's negligence caused the accident. The trial court granted defendant's motion for a directed verdict on the ground of assumption of risk. This appeal is taken from the court's order denying plaintiff's alternative motion for judgment notwithstanding the verdict or for a new trial.

The sole issue raised on this appeal is whether the trial court was correct in directing a verdict for defendant. It is only necessary to briefly state the facts bearing on this issue.

On Saturday evening, August 25, 1956, plaintiff, defendant, and one other friend, all 18 to 20 years of age, journeyed in defendant's automobile to Wisconsin from St. Paul. They stopped at a tavern in Osceola, Wisconsin, where they spent about one-half hour, each consuming one bottle of strong beer. They then drove to a second tavern in Ellsworth, Wisconsin, approximately 60 miles away. There is testimony that the trio purchased a 6-pack of beer on this leg of their journey, the defendant consuming one can and his two companions, four. In the Ellsworth tavern each consumed, according to varying testimony, one to three bottles of strong beer. The group left the Ellsworth tavern after spending approximately one-half hour there. The plaintiff immediately fell asleep in the back seat of the car. After traveling only 1½ miles on the return trip to St. Paul, the defendant fell asleep while passing two cars and his car left the highway.

The evening activities had commenced at 7 p. m. or shortly thereafter and terminated with the accident at 12 o'clock, 2 hours of this time being spent en route. The defendant testified that at the time of the accident he considered himself to be under the influence of the beer he had drunk and that he was tired, a condition he attributed to the beer and a weakened physical condition resulting from lack of food in the diet he was following.

■ It is well established both under Minnesota and Wisconsin procedural law that a motion for a directed verdict accepts the view of the

---

[1]Codefendant Dwayne C. Djos was dismissed from the action by the trial court because of a lack of evidence that he was the owner of the car in question.

evidence most favorable to the adverse party and admits the credibility, except in extreme cases, of the evidence in his favor and all reasonable inferences to be drawn therefrom. The motion for a directed verdict should be granted only in those unequivocal cases where in the light of the evidence as a whole it would clearly be the duty of the trial court to set aside a contrary verdict as being manifestly against the entire evidence or where it would be contrary to the law applicable to the case. Erickson v. Strickler, 252 Minn. 351, 90 N. W. (2d) 232; Hanson v. Homeland Ins. Co. 232 Minn. 403, 45 N. W. (2d) 637; Kolatz v. Kelly, 244 Minn. 163, 69 N. W. (2d) 649; Caron v. Farmers Ins. Exch. 252 Minn. 247, 90 N. W. (2d) 86; Rusch v. Sentinel-News Co. 212 Wis. 530, 250 N. W. 405; Wadoz v. United National Ind. Co. 274 Wis. 383, 80 N. W. (2d) 262.[2]

■ It is also well established that, in an action for injuries sustained in an accident in another state, the issues of negligence, contributory negligence, and assumption of risk are governed by the law of that state. Darian v. McGrath, 215 Minn. 389, 10 N. W. (2d) 403; Sharp v. Johnson, 248 Minn. 518, 80 N. W. (2d) 650; Burt v. Richardson, 251 Minn. 335, 87 N. W. (2d) 833; Nepstad v. Lambert, 235 Minn. 1, 50 N. W. (2d) 614.

■ The Wisconsin court has often repeated the general rule that, before a guest can be held to have assumed the risk of his driver's negligent manner of driving so as to prevent recovery by him, the evidence must show three factors: (1) A hazard or danger inconsistent with the safety of the guest; (2) knowledge and appreciation of the hazard by the guest; and (3) acquiescence or a willingness to proceed in the face of the danger.[3]

■ In this action the defendant contends that the record establishes

---

[2]Minnesota rules apply to this aspect of the case because of the well-established principle that the law of forum governs all procedural matters in conduct of litigation. Knipfer v. Buhler, 227 Minn. 334, 35 N. W. (2d) 425; Franklin v. Minneapolis, St. P. & S. S. M. Ry. Co. 179 Minn. 480, 229 N. W. 797; 3 Dunnell, Dig. (3 ed.) § 1545; Annotation, 149 A. L. R. 775.

[3]E. g., Ven Rooy v. Farmers Mutual Auto. Ins. Co. 5 Wis. (2d) 374, 92 N. W. (2d) 771; Egan v. Wege, 260 Wis. 118, 50 N. W. (2d) 457.

that the defendant's driving ability had been impaired by his consumption of beer; that this fact created a hazard of which the plaintiff had knowledge and appreciation by reason of the fact that he had consumed about the same amount of beer; and that he cannot recover because he acquiesced and proceeded to be a passenger in the car in the face of this known danger. We have examined the Wisconsin authorities cited by the defendant.[4] As we understand these authorities, they may be summarized as holding that where an accident occurs because of the defendant's negligent lookout and speed resulting from the consumption of intoxicating liquor the guest passenger assumes whatever risk may flow from the fact of the driver's impaired condition. There are important qualifications to this rule, however. To assume the risk of hazards flowing from the driver's impaired condition, the guest must have "knowledge and appreciation of the hazard" and an acquiescence or willingness to proceed in face of a danger inconsistent with safety. As we understand the Wisconsin decisions, there must be knowledge on the part of the guest as to the impaired ability of the driver. In one case the Wisconsin court has said that the negligent acts of the host driver could not be disassociated from intoxication "which was known or should have been known" to the guest.[5] In another case it was said that where the host driver was intoxicated "then as a matter of law * * * [the guest], having been with him all during the time he was drinking, would assume the risk flowing therefrom."[6] In Vandenack v. Crosby, 275 Wis. 421, 435, 82 N. W. (2d) 307, 314, it was observed that:

---

[4]Frey v. Dick, 273 Wis. 1, 76 N. W. (2d) 716, 77 N. W. (2d) 609; Gilbertson v. Gmeinder, 252 Wis. 210, 31 N. W. (2d) 160; Markovich v. Schlafke, 230 Wis. 639, 284 N. W. 516; Nordahl v. Farmers Mutual Auto Ins. Co. 250 Wis. 609, 27 N. W. (2d) 707; Sanderson v. Frawley, 273 Wis. 459, 78 N. W. (2d) 740; Schubring v. Weggen, 234 Wis. 517, 291 N. W. 788; Topel v. Correz, 273 Wis. 611, 79 N. W. (2d) 253; Vandenack v. Crosby, 275 Wis. 421, 82 N. W. (2d) 307; Watland v. Farmers Mutual Auto. Ins. Co. 261 Wis. 477, 53 N. W. (2d) 193.

[5]Watland v. Farmers Mutual Auto. Ins. Co. 261 Wis. 477, 480, 53 N. W. (2d) 193, 195.

[6]Gilbertson v. Gmeinder, 252 Wis. 210, 213, 31 N. W. (2d) 160, 161.

"Evidence of drinking intoxicating liquor by the driver of a motor vehicle, which may be far too weak to support a criminal conviction for driving while under the influence of intoxicating liquor, may nevertheless be material on the issue of assumption of risk by a guest passenger."

This decision indicates, however, that impairment of ability to drive by reason of consumption of liquor was under the circumstances a fact question and that it was for the jury to draw legitimate inferences as to whether the amount of drinking was sufficient to appreciably interfere with the driver's operation of the vehicle. Other authorities indicate that the passenger assumes the risk of the driver's impairment of ability to operate the automobile because of the use of intoxicants, and, where the guest knows or should have known that the driver had consumed intoxicating liquor "in a quantity which might appreciably interfere with the exercise by the host of ordinary care in the operation of his vehicle, a jury is permitted to find assumption of risk as to lookout."[7]

Perhaps the case upon which the defendant most strongly relies is that of Nordahl v. Farmers Mutual Auto. Ins. Co. 250 Wis. 609, 27 N. W. (2d) 707, in which a guest was fatally injured by a fall from the platform of a truck on which he was riding. The trial court directed a verdict on the theory that the deceased's injury rested wholly on speculation, there being no facts or inferences pointing to excessive speed or any negligent conduct on the part of the driver. The Supreme Court of Wisconsin was of the view that the theory of the trial court was "probably correct," but they also suggested that the decision might have been supported on two possible claims of negligence: (1) That the defendant's judgment had been impaired by drinking and he had driven at an excessive rate of speed, and (2) that the passenger by placing himself in a position of peril as a matter of choice had assumed the risk of both hazards. As we understand this decision, the Supreme Court of Wisconsin was of the view that the record established as a matter of law that the defendant's judgment had been impaired by

---

[7]Ven Rooy v. Farmers Mutual Auto. Ins. Co. 5 Wis. (2d) 374, 379, 92 N. W. (2d) 771, 774. See, also, Topel v. Correz, 273 Wis. 611, 79 N. W. (2d) 253; Bronk v. Mijal, 275 Wis. 194, 81 N. W. (2d) 481.

drinking and that at the time of the accident he was operating his vehicle at an excessive rate of speed. We find no authority which goes so far as to say that where a guest enters an automobile driven by one who has consumed a small or moderate quantity of beverage having an alcoholic content he thereby as a matter of law is charged with knowledge and appreciation of a hazard by reason of the host's impairment of driving capacity.

■ The evidence here is that the defendant consumed from three to five bottles of strong beer within a period of 4 hours prior to the accident. If the quantity of beer consumed by the defendant impaired his ability to drive, this fact was not communicated to the plaintiff either by the defendant's conduct, appearance, manner of speech, or other indications which would give notice to the ordinary observer that the driver was under the influence of intoxicants. Nor is there anything in the record which would indicate to the guest that the driver was tired or sleepy. The trial court was of the view that since the plaintiff was sleepy when he entered the car he should have assumed that the defendant, having consumed about the same amount of beer, was in the same condition. We cannot agree that this necessarily follows. In Vandenack v. Crosby, 275 Wis. 421, 435, 82 N. W. (2d) 307, 314, the Wisconsin court said:

"* * * It is common knowledge that the consumption of alcoholic beverages does have a tendency to dull the senses of perception, although the quantity of alcohol sufficient to produce such result in one individual may have no apparent effect on another."

Nor can we say that the amount of beer consumed by each of the trio is alone sufficient to hold plaintiff to an implied knowledge of any hazard. Whether under the circumstances the plaintiff knew or should have known that the defendant was under the influence of liquor or that he was sleepy and that his driving ability was consequently impaired was a question upon which reasonable minds might differ and should have been submitted to the jury.

It seems to us that the record in this case discloses other factors bearing on the condition of the defendant at the time of the accident which might well be considered. On cross-examination the defendant testified as follows:

"Q. And it was your tiredness that caused you to fall asleep and go off the road?

"A. That's right.

"Q. This was a result of the beer that you had had and also the fact that you hadn't eaten, isn't that a fact?

"A. I was just generally tired, like yesterday I worked all day, eight or ten hours yesterday, overtime, see, and I am tired right now.

"Q. So, Kermit, then it wasn't the beer that put you to sleep, it was your being tired that put you to sleep, isn't that right?

"A. Yes, same thing.

"Q. In this diet, you didn't eat any dinner, you told us before, had this been the first evening you had started that, not eating at night?

"A. No, I had been trying it off and on for quite a while until January 19 of this year I finally succeeded. I weighed 220 pounds, and I am down to 170 now.

"Q. You stated before when you were going without eating, it made you feel rather tired before the accident; when you went without eating, you felt tired and weak.

"A. You feel a little weak, yes."

There is no evidence in the record to establish that the plaintiff had knowledge that the defendant was on a diet or that his general physical condition might have been impaired because of his failure to eat for a long period of time. Because of the absence from the record of evidence tending to show knowledge on the part of the plaintiff of any disability from which the defendant suffered at the time of the accident, we do not think the defendant was entitled to a directed verdict on the theory of assumption of risk.

Reversed and new trial granted.