## Bickel v. Bennett.
(Decided Feb. 12, 1937.)

THOMAS W. BEALE for appellant.

JOHN H. DOUGHERTY for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

J. W. Bickel here appeals from a $500 judgment of the Jefferson circuit court for personal injuries suffered by the appellee, Harold H. Bennett, in an automobile accident, alleged caused by the wanton and willful recklessness of appellant.

The principal ground urged for reversal is that the court erred in its instruction given the jury upon the simple question of fact, as to whether or not the defendant was guilty of willful negligence, which was the proximate cause of his injuries received, and which one issue was, it is contended, erroneously submitted under the complained of instruction to the jury and under which it found for the plaintiff, awarding him damages in the sum of $500.

The facts and circumstances under which the accident occurred, as disclosed by the record, are as follows:

The residence of the appellant, J. W. Bickel, is located on the eastern side of Preston street, just beyond the corporate limits of the city of Louisville, Ky., and on the east end or rear of his lot (almost immediately behind his residence) there is a two-car garage, the north side of which he had, for some two months prior to the accident, rented to the appellee (plaintiff below) for use in storing his coupé.

The concrete driveway, which immediately adjoins the south side of appellant's residence, is so narrow as to extend only about six inches on each side of appellee's car when driven over its center, but as it approaches the garage, it is curved and so widened as to

provide a driveway for its north side, located behind or in a direct line with the residence.

At about the middle of the south wall of appellant's residence, there is a doorway, which is flush or on a level with this driveway. It is fitted with two doors; the one, an inside door, opening into the house; the other, an outside or screen door, opening onto the adjacent driveway towards the garage.

This accident occurred on the morning of October 4, 1935, at about 6:30, when plaintiff had gone to this garage to get his coupé and, as was his custom, was backing it out to the street, holding the left door open, so that he might look back as he guided his car over the curving and narrow way. This method of backing out to the street he alleged was necessary, by reason of the narrowness and curving course of the driveway from his side of the garage, in order to see that he was properly following the curve of the driveway and steering clear of the residence.

While he was thus backing out his car and had reached the point in the driveway where the rear fenders of his car were opposite the grade level doorway to the house, he ran into the screen door, which was, upon the instant of his passing it, pushed open upon the driveway by the appellant. The screen door, thus opened, struck the running board of the car, where it was caught between it and the car's open door, at the same instant striking appellee's wrist or arm, breaking it.

For this injury, alleged inflicted by the appellant's gross negligence, in pushing open the door against him as he passed, he sought recovery of compensatory damages in the sum of $5,200 and costs.

By his petition, setting out in substance the facts as stated supra, which are practically admitted, he further alleges that his injuries were caused solely by the gross carelessness, recklessness, and negligence of the defendant, in willfully throwing open the door against him, after discovering the danger to the appellee in his doing so.

Defendant answered, traversing the allegations of the petition and pleading plaintiff's contributory negli-

gence in the operation of his car at the time of receiving his injury.

A reply, denying this plea, completed the issue.

Plaintiff, to maintain the allegation of his petition that defendant was grossly and willfully negligent upon this occasion, testified that as he was backing out his car on this occasion, as was necessary and his custom, he was holding the door open wide enough for it to extend slightly beyond the running board of the car; that he was looking backward through this opening thus made in order to properly guide his car around the curve in the drive and to avoid hitting the house; that when the back part of his machine he was thus backing out had passed or was opposite the aforesaid screen door, it was so suddenly shoved open and against his car by the defendant as to catch the plaintiff's arm between it and the door of his car; that; looking back as he approached it, he saw defendant standing in the door, looking in his direction; that he saw his eyes and he was then looking right at him; that defendant at the time was standing inside the door and saw his machine coming out, because he was then looking right at plaintiff, and that he saw appellant deliberately push the screen door open; that he at the time was backing out very slowly, at about five miles an hour, and stopped his car as quickly as possible, but not soon enough to avoid injury; that as the result of the accident so recklessly caused, his arm was broken clear down through the joint; that the defendant, upon seeing this, had his son take him to his physician and later to the hospital for treatment.

On the other hand, defendant testified that upon this occasion he had just come down the basement steps to the screen door and opened it as he was starting out, when it caught in plaintiff's car door, which he was holding open as he was backing out; that he never saw his approach before or as he pushed open the door; that plaintiff did not give him any warning of it, nor did he hear any engine noise, nor was there anything advising him of the car's approach. He testifies that plaintiff "opened up that door and was backing out, and no more than I opened my screen door, it caught right there. It was done that quick." He denied that he was standing in the doorway, looking at plaintiff, when he pushed the screen door open against his car, but that he opened it

as he was starting out, when the machine caught the opened screen door.

At the conclusion of the evidence, the defendant and plaintiff offered instructions, including one upon the contributory negligence of the plaintiff in backing out his car with the door open and in giving no warning nor signal of his approach.

The instructions offered by the parties were refused, when the court, upon its own motion, gave an instruction upon willful negligence, which is here complained of.

Considering the pleadings, evidence, and instructions offered by the parties, as briefly reviewed supra, it is patent that the only question with which we are here concerned is the simple one of fact, upon the issue made as to whether or not the defendant was, by reason of his suddenly opening the screen door, under the circumstances shown in evidence, guilty of reckless negligence, causing the accident resulting in injury to plaintiff.

We are, therefore, here concerned only with the propriety of the complained of instruction, which here undertook to present only that question to the jury.

It is the well-settled rule of law in such case that contributory negligence of the plaintiff constitutes no defense, where it appears that the defendant acted wantonly or recklessly, or intentionally injured the plaintiff; or, that is, where defendant so acts, his conduct excludes the defense of the injured party's contributory negligence. For an extended discussion of this question, see annotation in 41 A. L. R. 1377. According to an approved statement of this rule:

> "If the wrong on the part of the defendant is so wanton and gross as to imply a willingness to inflict the injury, the plaintiff may recover notwithstanding his own ordinary neglect; and this is always to be attributed to the defendant, if he might have avoided injuring the plaintiff, notwithstanding his own negligence."

From this. it is further stated, it appears plainly enough that the basis of recovery in this class of cases is the same as that of the doctrine of discovered peril. 20 R. C. L. sec. 118, p. 144.

The language of the criticized instruction here given the jury is that if "the defendant * * * saw the plaintiff * * * as he was backing his automobile out of the driveway on the premises of the defendant, and with such knowledge on his part, he opened the screen door referred to in the evidence, and said screen door thereby came in contact with the arm of plaintiff, then the law is for the plaintiff * * *."

This language of the instruction is criticized as improperly presenting the rule of liability for willful or gross negligence, in that it failed to require the jury to find that the defendant, in throwing open the screen door, further saw or knew of additional facts and circumstances making his action in so doing willful and reckless conduct, which would probably result in his thereby inflicting injury upon plaintiff.

According to the evidence upon which this instruction was predicated, the driveway extends for some distance from the screen door, where the accident occurred, to the garage, from which the car was being backed out; that had plaintiff, when backing out, kept his car door closed, rather than opened out beyond the running board of his car, plaintiff would have avoided any injury from the appellant's opening of the screen door upon the car as it passed. Therefore, it is contended the instruction as given was prejudicial to the defendant in failing to instruct the jury, not only as was done, that if they believed from the evidence that defendant saw plaintiff as he was backing his automobile out of the driveway, but further that if in addition to their so believing, they further believed from the evdence that defendant when he opened the screen door then saw plantiff backing his car on the drive when it was apposite or about to pass the door, and further saw that plaintiff was then holding its door open, so as to threaten a collision with the screen door if opened, and with such knowledge of these conditions, making dangerous his then opening the screen door, he did yet nonetheless willfully open the screen door, so that it came in contact with plaintiff's arm, they would find for plaintiff. That is to say, the jury should have been told by the instruction that for appellant's opening of the door upon this occasion to have constituted an act of willful negligence, it must have been done, not merely when he saw

plaintiff as he was backing his car out of the driveway, but also when he saw and knew that plaintiff's car was then passing or about to pass the doorway and that he was backing with his car door open, both of which were required to render it likely that the car would be contacted or caught by the screen door. Appellant insists that the instruction was prejudicial to him, in that it permitted the jury to find the defendant liable as for willful negligence, without requiring it to find from the evidence the further facts and circumstances necessary to make his act in throwing open the screen door willful negligence.

It is our conclusion that the instruction as given was improper, in that it failed to instruct the jury that in order to find the appellant liable for willful negligence, it was required to also find that these further mentioned circumstances existed at the time the defendant opened the screen door, which would make of his opening of the screen door an act of willful negligence, as reasonably evidencing a malicious intention on the part of the defendant to injure plaintiff, against which the latter's contributory negligence would constitute no defense.

Therefore, the judgment is reversed for a new trial consistent with this opinion.