SCHUBRING, Administratrix, Appellant, vs. WEGGEN, Respondent.

*April 8—May 7, 1940.*

For the appellant there was a brief by *Fox & Fox* of Chilton, attorneys, and *G. F. Clifford* of Green Bay of counsel, and oral argument by *Mr. Clifford* and *Mr. Jerome Fox.*

For the respondent there was a brief by *Helmuth F. Arps,* attorney, and *D. E. Bonk* of counsel, both of Chilton, and oral argument by *Mr. Arps.*

FOWLER, J.   In this case the defendant while obviously drunk from the use of intoxicating liquor ran into a ditch and bank at the dead end of a road while driving an automobile, and his guest, the plaintiff's intestate, died from injuries sustained in the resulting overturning of the automobile. The trial court held that the guest assumed the risk of the dangers incident to the host's intoxication and dismissed the complaint.

The plaintiff claims that the host in driving the car in the condition he was in was guilty of gross negligence; that contributory negligence is not a defense in cases of gross negligence; and that as assumption of risk is a species of contributory negligence the defense is untenable.

This court is committed to the doctrine that assumption of risk is not contributory negligence.   *Scory v. LaFave,* 215 Wis. 21, 254 N. W. 643.   One of the plaintiff's premises being false under that doctrine his conclusion falls with the premise.

The plaintiff also contends that under what is said by the court in *Tomasik v. Lanferman,* 206 Wis. 94, 238 N. W. 857, driving while intoxicated satisfies all of the calls of gross negligence and that in cases of gross negligence the defendant is absolutely liable.   If so as a general rule, this does not help the plaintiff.   Not assumption of risk, but only contributory negligence was involved in that case.   The

plaintiff in that case was not a guest of the defendant, but another user of the highway entirely disassociated from the defendant. Our doctrine of assumption of risk in automobile collision cases does not apply except in cases of guest against host.

Plaintiff's counsel complains that the court did not find the defendant guilty of gross negligence. While it does not expressly appear that the court so found, we shall dispose of the case on the ground that the defendant as matter of law was guilty of gross negligence by driving the automobile while so intoxicated as to make his driving a menace to the public. *Tomasik v. Lanferman, supra.* The defendant and the decedent were neighbors. They left together in the morning of a September day and until 6:15 p. m. spent their time successively in seven taverns, drinking intoxicating liquor together in nearly if not all of them. When they left for home, only a few miles away, the defendant took a road leading directly away from instead of toward his home, and did not know he was on a dead-end road when the accident occurred. The defendant admitted on the trial that he was intoxicated at the time of the accident.

The point here involved was in effect decided against the contention of the plaintiff in the case of *Markovich v. Schlafke,* 230 Wis. 639, 284 N. W. 516, where the plaintiff, knowing of the defendant's—his host's—intoxication, continued to ride with him in an automobile he was driving after opportunity to leave the car arose. The defendant therein by reason of his intoxication fell asleep, ran off the road into a ditch and injured the plaintiff. We held as matter of law that the plaintiff assumed the risk incident to the host's intoxication and dismissed the complaint. Unless plaintiff's intestate was so drunk himself as to be unable to comprehend that the defendant was drunk the *Markovich Case, supra,* by similarity of its facts necessarily rules the case against the plaintiff.

Plaintiff's counsel relies in support of his contention on a categorical statement in *Knipfer v. Shaw,* 210 Wis. 617, 621, 246 N. W. 328, 247 N. W. 320, to the effect that one of the elements necessary to constitute assumption by a guest of the risk of the hazard incident to the conditions present is knowledge and appreciation by the guest of the hazard. If the plaintiff's intestate was "dead drunk" when he last entered and thereafter remained in the automobile, he could not have appreciated the hazard incident to the host's intoxication, and the statement above referred to in *Knipfer v. Shaw, supra,* taking it at its full face value, would exempt him from assumption of risk. But the statement was made in a case involving ordinary negligence only, and not involving intoxication of the host, and should be limited in its application to factual situations such as were therein involved.

It is plain common sense that one who has voluntarily become so intoxicated as to be bereft of his faculties ought not to be held exempt from the doctrine of assumption of risk when he voluntarily enters and remains in an automobile driven by a drunken driver. One who has so become so bereft ought to be held to the same degree of responsibility for protecting himself that he would be subject to if he were not intoxicated. Voluntary intoxication does not relieve one driving an automobile from his responsibility to care for others. No more should it relieve one voluntarily riding in an automobile from responsibility to care for himself. Voluntary intoxication in such case does not exempt one from the doctrine of contributory negligence. No more should it exempt one from the doctrine of assumption of risk. Contributory negligence and assumption of risk, if the former does not include the latter, are at least sufficiently related to bring both host and guest under the same rule as to nonexemption from responsibility. As intoxication of the host does not exempt him from responsibility for protection of

others, so intoxication of the guest does not exempt him from responsibility for self-protection. This should be the rule in case of reckless misconduct as well as in conduct amounting only to ordinary negligence. The reckless misconduct of the defendant that made him guilty of gross negligence was going from tavern to tavern all day and drinking until he became so intoxicated as to be bereft of ability to drive an automobile. The decedent, if he was so drunk that he did not appreciate the hazards incident to riding in an automobile driven by a drunken driver, was guilty of the same kind and degree of recklessness for his own safety as was the recklessness of the defendant for the safety of others. Reckless conduct of the guest should have the same effect as to himself, that reckless conduct of the host has as to others.

As to reckless misconduct it is stated in 2 Restatement, Torts, § 482 (2):

"(2) A plaintiff is barred from recovery for harm caused by the defendant's reckless disregard for the plaintiff's safety if, knowing of the defendant's reckless misconduct and the danger involved to him therein, the plaintiff recklessly exposes himself thereto."

It is also stated in 2 Restatement, Torts, § 503 (2):

"(2) An actor whose conduct is in reckless disregard of his own safety is barred from recovery against a defendant whose reckless disregard of the actor's safety is a contributing cause of the actor's bodily harm."

Comment *a* under § 503 (2) reads as follows:

"*a*. The fact that an actor's misconduct is in reckless disregard of his own safety rather than merely negligent with respect to his safety is important in an action against a defendant whose conduct in reckless disregard of the actor's safety is a legal cause of the actor's harm. In such a case, the actor is not barred from a recovery by reason of his own negligence which legally contributes to cause his harm although he is barred from a recovery if his conduct is in reckless disregard of his own safety."

No case of this court has directly passed on the point next above discussed. There are numerous cases in other jurisdictions that have passed directly upon it. One of these cases is *Hinkle v. Minneapolis, A. & C. R. Ry. Co.* 162 Minn. 112, 202 N. W. 340, 41 A. L. R. 1377. It is there held that "wilful and wanton negligence by a plaintiff is a defense to an action for plaintiff's injuries caused by the wilful and wanton negligence of the defendant." (Headnote to case by writer of opinion.) To this case in the A. L. R. report is appended a note, page 1379, entitled "Wanton and wilful misconduct by person killed or injured as defense to an action based on wanton or wilful misconduct of defendant." It is there said that "the rule supported by the weight of authority is that wilful or wanton misconduct on the part of the plaintiff or of the decedent which contributes to the injury or death will prevent recovery therefor, although the defendant's conduct was also wanton or wilful." Cases by the courts of Kentucky, Michigan, Minnesota (the reported case), Missouri, and South Carolina are cited in support of that rule. The cases treat the "wilful and wanton" misconduct of the plaintiff involved as "contributory negligence," rather than "assumption of risk," as we call it in guest-host automobile cases, but the thing is the same whether it be called the one thing or the other and it should be given the same effect. Upon authority as well as reason we hold that when a guest in an automobile is injured or killed through gross negligence of his host in recklessly driving while intoxicated, he assumes the risk of injury resulting from the host's intoxication if he himself has voluntarily become so intoxicated from drinking with his host while the host was becoming intoxicated that he is unable to appreciate the hazard incident to the host's intoxication.

Although what we have above said disposes of the case we should perhaps pass more particularly upon grounds other than are above mentioned on which counsel for the plaintiff bases his contention. He contends that the defendant was

violating the criminal law by driving an automobile while intoxicated, sec. 85.81 (3), Stats.; that in killing the decedent while so driving he was guilty either of manslaughter in the first degree, sec. 340.10; *Maxon v. State,* 177 Wis. 379, 187 N. W. 753; or was guilty of manslaughter in the fourth degree, sec. 340.25; and that one who inflicts personal injury on another in taking action upon him in violating a criminal statute becomes personally liable to compensate such other for such injuries although such other consents to his taking the action, citing *Shay v. Thompson,* 59 Wis. 540, 18 N. W. 473, in which two persons by mutual consent and in anger entered into a fight, and *Miller v. Bayer,* 94 Wis. 123, 68 N. W. 869, in which a physician performed a criminal abortion. These were cases of intentional harms, not negligence cases, and we here have a negligence case, whether considered from the viewpoint of our gross-negligence rule or from the viewpoint of ordinary negligence. The rule of the cases next above cited rests upon the fact of actual intent by the defendant to commit the bodily harm involved. We are of opinion that the rule of those cases should be limited to cases wherein the bodily harm involved, or at least some bodily harm, was actually intended. Maybe it should apply to cases wherein an act or transaction was actually intended that would necessarily result in bodily harm, as in case of sale by manufacturers or wholesalers of prohibited articles dangerous to health or person of consumers or users, and to cases of sales of such articles by retailers or others. As a case of any of the latter sorts is not before us we do not assume to decide any such case. The defendant herein did not actually intend to kill the deceased or to do him any bodily harm by driving his automobile while intoxicated. We should not as matter of law impute to him such actual intent from the mere fact that he was driving his automobile while intoxicated. Although the constructive intent, if it may be called such, that is implied from wilful and reckless conduct

or violation of criminal statutes does constitute gross negligence and precludes the defense of contributory negligence, we decline to extend that rule so as to exempt a plaintiff suing in his own right or a deceased's administrator from the defense of assumption of risk when such plaintiff or deceased has himself been guilty of the same kind of misconduct that constitutes the gross negligence of the defendant.

*By the Court.*—The judgment of the circuit court is affirmed.