## Wootton v. Dixon.

March 3, 1950.

Rehearing denied April 25, 1950.

Charles Whittle, Special Judge.

Napier & Napier, Faulkner & Faulkner, and D. B. Wootton for appellant.

C. A. Noble for appellee.

JUDGE LATIMER—Reversing.

This action makes its second appearance here. In the first appeal we concluded the court below erred in sustaining defendant's motion for peremptory instruction; and the cause was reversed for proceedings consistent therewith.

On retrial of the case, apparently the evidence was substantially the same as introduced on the former trial. Dixon v. Wootton, 307 Ky. 338, 210 S. W. 2d 967, 969. There is this exception. There is more evidence in this case of drinking and drunkenness. The points as set

out in appellant's brief are somewhat muddled, and it is a bit difficult, in following the line of argument in appellant's brief, to avoid some repetition and intermingling of the points as raised. In substance the points urged are: 1. Verdict was flagrantly against the evidence and the result of passion and prejudice; 2. Error in: (a) admitting incompetent evidence; (b) failure peremptorily to instruct for the defendant; (c) refusal to give offered instructions; (d) permitting the introduction of evidence not based upon the allegations and at variance with the pleadings.

Excepting 2(c) above, there is either no merit in the questions raised or they were questions raised on the former trial and have become the law of the case.

We now direct our attention to 2(c) above. Appellant insists that the offered instruction relative to drunkenness should have been given. It will be noted that in the opinion on the former appeal of this case, it was said: "In closing, appellee's brief mildly suggested that the court was justified in sustaining his motion for peremptory because appellant admitted that 'he had been drinking some liquor.' There is no evidence that appellant was under the influence of intoxicating liquor. If the evidence were sufficient, the question as to whether or not the inebriety existed to such an extent as to make him guilty of the failure to exercise ordinary care for his own safety might have been submitted; but the court was not authorized to say as a matter of law that appellant's condition was such as to make him guilty of contributory negligence."

On the former trial testimony relative to the intoxicated condition of appellee was not introduced due to the fact that a peremptory instruction was given at the conclusion of the testimony for the plaintiff. Upon this second trial there was substantial evidence of drunkenness. The Chief of Police, who, with another officer, upon receiving information that a man was lying at the top of the steps, went to the place and found appellee, stated they found on appellee two whiskey bottles, one empty and one with an inch or so of whiskey in it. He was asked on cross-examination:

"Q-14. What led you to believe he was drunk or crippled he couldn't stand up? A. The appearance of the man."

"Q-15. Was anything other than his appearance and the fact that he had two empty bottles led you to believe he was drunk? A. I am a pretty good judge of a drunk man. When we turned him over his shirt collar and tie was loose."

Appellee admitted having had one drink of liquor.

In Louisville & Nashville R. Co. v. Payne, 104 S. W. 752, 31 Ky. Law Rep. 1173, a similar question arose. It is there explained that the law exacts from a voluntary intoxicated person the same degree of care as is exacted from a sober person of ordinary prudence under similar circumstances, and that if intoxication renders the person reckless or indifferent for his own safety, and as a consequence he fails to exercise ordinary care, it could be that the injury resulted as a consequence of his condition. The instruction as offered by defendant below, if not precisely the same, is in substance the same as the instruction offered and refused in the Payne case above, and for which refusal the judgment was reversed.

Under the facts and circumstances in this case, such an instruction should have been given.

The judgment is reversed for proceedings consistent herewith.