**WOOTTON et al. v. DIXON.**

Court of Appeals of Kentucky.

Nov. 13, 1952.

Leslie W. Morris, Frankfort, W. E. Faulkner, D. B. Wooton and Napier & Napier, Hazard, for appellants.

C. A. Noble, Hazard, for appellee.

WADDILL, Commissioner.

This is the third appeal of this case.

On the first appeal we held that the court erred in sustaining defendant's motion for a peremptory instruction. The judgment was reversed and the case remanded to the circuit court for proceedings consistent with the opinion. Dixon v. Wootton, 307 Ky. 338, 210 S.W.2d 967.

On retrial of the case, plaintiff obtained judgment of $7,500. This judgment was reversed because of the court's failure to give an instruction relative to the question of plaintiff's intoxication. Wootton v. Dixon, 312 Ky. 521, 228 S.W.2d 428.

On the third trial a jury awarded plaintiff a verdict of $25,000. The injury suffered by plaintiff was a fracture of the cervical neck of the right femur which was received in a fall allegedly caused by a defect in some stair steps he was ascending in a building owned by the late Bailey P. Wootton. Reference is made to the former opinions of this Court (cited above) for a recitation of the facts.

The medical testimony disclosed that appellee's injury has resulted in a partial permanent disability of his right hip. He has a limited use of his hip but is unable to perform arduous tasks which require bending or lifting. His medical and hospital treatment were furnished by the U. S. Navy and no claim is made for special damages.

Under the evidence adduced, we think the jury's verdict of $25,000 is excessive as it strikes our mind at first blush as having been superinduced by passion or prejudice.

For this reason the judgment is reversed.