**Eunice BASHAM, Appellant,**

v.

**Joseph Leon WHITE, Appellee.**

Court of Appeals of Kentucky.

Feb. 1, 1957.

Lawrence & Duvall, Ephraim K. Lawrence, Jr., Louisville, for appellant.

Greenebaum, Barnett & Carroll, Thomas C. Carroll, Louisville, T. C. Carroll, Shepherdsville, for appellee.

CAMMACK, Judge.

Eunice Basham was injured when a truck driven by Joseph Leon White ran over her right foot. She brought this action to recover damages for her injury, medical expenses, and loss of time; she sought also punitive damages, alleging in her complaint malicious and wanton misconduct on the part of Joseph. With the exception of a passing motorist whose testimony at the trial was vague and inconclusive, Joseph and Eunice were the only witnesses to the accident; their stories were in direct conflict. Eunice said that (1) she met Joseph at the Dixieland Cafe on the Dixie Highway on the evening of November 15, 1954; (2) after having a drink with him, she

was offered a ride into Louisville in his truck, which she accepted; (3) during the trip into the City Joseph made advances, which she resisted to the best of her ability; and (4) in exasperation or anger, Joseph pushed her out of the cab of the truck, and as he drove off, the right rear wheel of the truck ran over and fractured her foot. Joseph said (1) he had one beer at the Dixieland Tavern, but neither saw nor met Eunice there; (2) he left shortly thereafter and got into his truck; (3) he noticed no one on the seat then, but was unable to see clearly because the cab light was out of order; (4) at the intersection of Seventh Street Road and Berry Boulevard he thought he saw the right door open and "something" or "somebody" fall out, but he did not stop to investigate; and (5) he did not know what had happened until he was stopped several blocks further on by a motorist and told that he had run over a woman. The jury found for Joseph, and from the judgment entered on that verdict, Eunice is appealing.

 While several issues are raised on this appeal, we will confine our discussion of the case to the instructions. In substance, the first instruction required the jury to find for Eunice if it believed from the evidence that (1) she accepted a ride from Joseph; (2) was pushed from the truck by him and was injured; and (3) unless it found as set out under Instruction No. 2. Under Instruction No. 2, the jury was instructed to find for Joseph if it believed that Eunice was negligent, and that but for her negligence she would not have been injured. The remaining instructions defined negligence and ordinary care, and set forth the measure of damages. In effect, the instructions permitted the jury to find for Joseph even if his misconduct was willful; if it found also that Eunice was negligent. Contributory negligence is no defense to willful misconduct, and an instruction embodying it has no place in an action based on a wanton and malicious tort. Such an instruction would tend to mislead the jury and render to a defend-

ant a defense to which he was not entitled. The giving of Instruction No. 2 constituted palpable error, and that error alone is sufficient to require us to reverse the judgment. Bickel v. Bennett, 267 Ky. 232, 101 S.W.2d 943.

Without deciding, at this time, whether the repeated injection of evidence of Eunice's character by counsel would by itself constitute reversible error, it is clearly improper in an action of this nature, and would only prejudice the jury. Should this action be retried, it is not anticipated that such conduct will be repeated.

Judgment reversed and the case remanded for proceedings not inconsistent with this opinion.