**Thomas Vincent NETT, Who Sues by His Father and Next Friend, Carl R. Nett, Appellant,**

**v.**

**John ZELLARS, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1961.

Rehearing Denied Feb. 23, 1962.

Fred J. Karem, Karem & Karem, Louisville, for appellant.

Kent McElwain, McElwain, Dinning, Clarke & Winstead, Louisville, for appellee.

BIRD, Chief Justice.

John Zellars was driving an automobile that struck Thomas Vincent Nett, a pedestrian, who was at the time a few months past seven years of age.

Young Nett was severely injured and he brought this action by his next friend to recover damages for his personal injuries and certain special damages resulting from those injuries. He charged Zellars with gross negligence in the operation of the automobile. He sought to recover both compensatory and special damages.

Zellars denied the charge of negligence and pleaded contributory negligence on the part of Thomas Vincent Nett.

The case was tried by a jury and a verdict was returned for the defendant. Judgment was entered in conformity with the verdict and Thomas Vincent Nett appeals.

The evidence shows conclusively that the accident happened in Louisville before 7:30 in the morning on Poplar Level Road in a school zone, a short distance north of the marked crosswalk at Russell Avenue.

Holy Family Church and School is on Poplar Level Road north of Russell Avenue. The Nett home was across Poplar Level Road at Russell Avenue. Zellars was trailing other cars, one of which was driven by Gerhart Fredericks in a southerly direction.

Appellant's brief contains this statement of facts:

"On October 2, 1958, Thomas Vincent Nett who was then 7 years and two and one half months old, left his home at 7:00 A.M. to attend morning services at Holy Family Church. These services were usually over about 7:25 A.M. Tommy left church after services and proceeded to walk along the church drive to the sidewalk. When he reached the sidewalk, he walked along the sidewalk beside an automobile being driven by Gerhart Fredericks who was in the act of bringing his car to a parking position along the curb. As Fredericks was bringing his car to a stop, Tommy Nett walked alongside his car until the car stopped. * * *

"As the Fredericks automobile came to a stop in the parking position along the curb, Tommy Nett went in front of the automobile to cross the street for the purpose of getting to his home which was directly across from where the Fredericks vehicle had stopped."

■ Our examination of the record discloses an abundance of competent evidence to support the giving of a contributory negligence instruction if the child at the time was legally capable of contributory negligence. No complaint is made as to form or substance of the instructions. Was the child, as a matter of law, capable of contributory negligence? Appellant insists that he was not, and that the court erred in not submitting this issue to the jury. The evidence discloses that he was aware of the danger of being struck, and that he understood his duty to look in both directions and to use the crosswalk, neither of which he did.

In Dixon v. Stringer, 277 Ky. 347, 126 S.W.2d 448, 452, we said:

"In some cases where the plaintiff is between seven and fourteen years of age it may be necessary to submit to the jury the question whether or not the plaintiff is capable of being guilty of contributory negligence, but in the case at bar plaintiff's testimony establishes as a matter of law that he had sufficient intelligence and discretion to understand that there was danger of being struck by automobiles while crossing the street. It was not necessary, therefore, to submit this issue, and the trial court was justified in assuming as a matter of law that the plaintiff was capable in law of being guilty of contributory negligence. The trial court correctly defined ordinary care as applicable to plaintiff."

Under this authority the trial court properly submitted the question of contributory negligence to the jury without giving an instruction on his capability of negligence.

 Appellant complains further because the court did not tell the jury that it was Zellars' duty to drive on the right side of the street. We are unable to see prejudice in the omission when the record discloses unquestionably that Zellars' chance of avoiding the accident would have been greater had he been on the left side. The record discloses that the Zellars car was actually passing the Fredericks car when the child came from in front of the Fredericks car and ran into the path of Zellars' car. We must keep in mind too that the child was small and easily concealed by the Fredericks car. No one disputes that fact. Had Zellars been driving in the wrong lane he would doubtlessly have had a little more time and a better chance to avoid striking the child. There was no prejudice in omitting the duty to drive on the right side.

Appellant next complains that the trial court erred in failing to instruct the jury that the speed limit was 20 miles per hour as provided by an ordinance relating to school zones. Much argument has been made concerning the application of the ordinance to this particular school zone because of inadequate notice and markings within the area. However, our study of the record reveals no evidence that Zellars was exceeding the 20 mile limit when the child ran into the path of his car. And further, the undisputed evidence precludes the possibility of speed being a proximate cause of this collision with young Nett. It is quite obvious that speed of less than 20 miles per hour could not have prevented this accident. The court did not err in refusing to consider the ordinance and its speed limits. Even though the violation of an ordinance may be negligence per se, it must be a proximate cause before it is actionable. Jewell v. Dell, Ky., 284 S.W.2d 92; Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S.W.2d 564; Jordon v. Clough, Ky., 313 S.W.2d 581.

Appellant further complains that the trial court erred in requiring ordinary care by its instruction rather than a high degree of care. We have held that ordinary care is all that is required. Hettich's Adm'r v. Mellwood Dairy, Ky., 278 S.W.2d 717.

The duty of lookout along with other of Zellars' duties was properly submitted to the jury. The jury's verdict is amply supported by the evidence on those issues and no complaint is made as to them.

We find no reversible error. The judgment is therefore affirmed.