Ora Lee **WILLOUGHBY**, Guardian of Sherman Willoughby, a Minor, Appellant,

v.

Robert C. **STILZ** and William A. Saunders, Appellees.

Court of Appeals of Kentucky.

Feb. 12, 1965.

W. Rodes Clay, Lexington, for appellant.

Denney & Landrum, Edwin R. Denney, Charles Landrum, Jr., Lexington, for appellees.

STEWART, Judge.

This appeal is from a judgment rendered on a verdict finding defendants, appel-

lees herein, not liable for the injuries received by a nine-year-old boy when struck by an automobile owned by defendant, Robert C. Stilz, and driven by defendant, William A. Saunders.

The accident occurred at the intersection of North Broadway and Fourth Street in Lexington on May 25, 1961, between 8:00 and 8:15 a. m., while the boy, Sherman Willoughby, was on his way to school. North Broadway is 52 feet wide and has four lanes extending north and south; Fourth Street is 33 feet wide and runs east and west. In the center of the intersection of the two streets is an electric traffic signal that controls traffic by flashing green for "go" and red for "stop."

A summary of the facts, about which there is little, if any, dispute, is that Sherman Willoughby, when hit by the motor vehicle, a station wagon, was in company with three other children, their ages ranging from eight to thirteen. Just before the mishap they had crossed from the east side of North Broadway and were at Fourth Street waiting and intending to continue south across that street along the west side of Broadway.

Meanwhile, the traffic signal being green for travel on Fourth Street, appellee, Saunders, according to his testimony, was driving the station wagon westwardly on that street at a rate of speed of approximately 25 miles per hour. He slowed down to 20 miles per hour after seeing the children. When appellee was a few feet from the crosswalk on Fourth Street, Sherman Willoughby ran out in front of the path of the station wagon "real fast" and came in contact with that vehicle.

It was shown by the testimony of appellee, Saunders, and also by that of two other witnesses, one who was traveling toward Saunders on Fourth Street and another who had stopped on Broadway because the light was red on that street, that the boy "angled" into the street in front of the station wagon three or four feet below the crosswalk; that the station wagon was then six or eight

feet from him; that Saunders, the driver, applied his brakes immediately, leaving black skid marks three or four feet in length; that the boy was struck, knocked down and rolled about eight feet; and that the station wagon traveled three or four feet after the boy was hit.

Motions for a directed verdict, made by each of the parties, having been overruled, the case was submitted to the jury, and the jury found for appellees under instructions which are questioned in two respects. They are:

(1) The jury should not have been allowed to consider the question of negligence upon the part of the boy, and (2) the trial court failed to instruct properly as to the station wagon driver's duty when it was apparent the boy was playing with other children on the street corner the driver was approaching.

It is maintained appellant neither objected to any of the instructions submitted nor specified any reason why any of them should not have been given. Hence, it is claimed appellant's argument concerning any alleged errors in that respect should not now be considered. See CR 51.

However, as to the first point raised, the record reveals appellant's counsel, although interposing no objection to any of the instructions, did offer two of his own which fully placed before the trial judge the contention that the jury should not have been told the injured boy could be guilty of negligence. The error asserted in submitting this instruction is that the evidence introduced failed to rebut the legal presumption of the incapacity of nine-year-old Sherman Willoughby to be held negligent.

■ This Court has uniformly ruled that a child under seven years of age is considered incapable of negligence, and one between the ages of seven and fourteen is presumptively not charged with such, but in the latter age category the presumption may be rebutted by counter testimony. See Baker v. Sizemore. Ky., 338 S.W.2d 386.

United Fuel Gas Co. v. Friend's Adm'x., Ky., 270 S.W.2d 946, and Ward v. Music, Ky., 257 S.W.2d 516. We must examine the evidence to determine whether the boy could be held accountable for his acts.

Sherman Willoughby was nine years old at the time of the accident. Although he was an epileptic, three doctors who attended him after he was injured testified he appeared to be of normal or average intelligence and discretion. Virginia DeLong Root, the boy's school teacher, testified he had been instructed by her about rules to be observed in crossing streets. She stated he was taught, among other things, to cross the street only on a green light, not to cross in the middle of the block but at a crosswalk, and to look both directions before proceeding into a street, even if it was a one-way street. She said his intelligence to respond to such instruction was as sufficient as that of any child of nine. His mother testified that she had repeatedly talked to him about the danger of automobiles when crossing the street and that he responded well to this advice. None of the foregoing testimony was rebutted.

■ Therefore, we believe the trial court properly ruled that this nine-year-old boy could be held responsible for his negligent acts as a matter of law, since the evidence was undisputed that he, a child of normal intelligence for his age, knew the danger of running against a red light into the street and beyond the crosswalk at a busy intersection. See Nett v. Zellars, Ky., 353 S.W.2d 379.

Out of an abundance of precaution, the trial judge under "Instruction No. 2" and "Instruction No. 3" allowed the jury to determine whether the boy was or was not negligent under the particular facts presented. The first of these instructions told the jury to find for appellees, if they believed Sherman Willoughby failed to exercise ordinary care for his own safety in crossing the street at the time and place recited in the evidence. "Instruction No. 3" defined "ordinary care," in its application to Sherman Willoughby, as that degree of care usually exercised under the circumstances by careful and prudent boys of the age, intelligence and experience of Sherman Willoughby. See Travis v. Hay, Ky., 352 S.W.2d 209.

The point is raised that, as the driver of the station wagon approached the corner, the children were seen playing tag with each other near or at the edge of the sidewalk on Fourth Street. It is argued this fact should have alerted him to use extra precaution as he drew close to them, because a motorist must anticipate the tendency of young children to dart or run suddenly into the street. Thus, appellant insists that in not incorporating in "Instruction No. 1" this special duty of the driver of the station wagon, the trial court committed reversible error.

■ A short answer to this complaint is that appellant neither objected to "Instruction No. 1" as given nor brought to the attention of the trial judge, for inclusion in "Instruction No. 1," any duties, other than those mentioned therein, that should have been imposed upon the driver of the station wagon. This he should have done. See CR 51.

Actually, appellee, Saunders, the driver, in the case at bar stated he did slow down to 20 miles per hour at the instant he saw the children. He was only three or four feet from the crosswalk when the boy suddenly dashed out in front of him. He immediately applied his brakes and it was only a matter of seconds before the boy was hit. Under the facts presented we know of nothing he could have done to avoid this accident.

Wherefore, the judgment is affirmed.