**Dennis Neal WILLIAMSON, By and Through his next friend, Jess J. Williamson, etc., Appellants,**

v.

**Raymond GARLAND, Appellee.**

Court of Appeals of Kentucky.

Feb. 11, 1966.

Rehearing Denied May 20, 1966.

Albert Karnes, Paducah, for appellants.

Earl T. Shoup, Paducah, for appellee.

DAVIS, Commissioner.

Dennis Neal Williamson, a minor nearly 12 years old, was injured when he was riding a bicycle which collided with the automobile of appellee Raymond Garland. In this damage suit the trial court directed a verdict for appellee; in announcing its decision, the trial court expressed the view that there was no showing of appellee's negligence and appellant was guilty of contributory negligence as a matter of law. This appeal challenges each of these rulings as erroneous.

The accident occurred on a clear day in August, on Jackson Street at or near its intersection with 29th Street in Paducah. Jackson Street is the preferred street. Jackson is a four lane street, running in an east-west direction; 29th Street runs north-south.

Appellant was riding a bicycle northwardly on 29th Street just before the accident. He was "ahead" in a bicycle race being engaged in between Bruce Johnson, also 11, and himself. Appellee was driving his car eastwardly on Jackson at about 20–25 mph; he was driving in the lane nearest the right curb of Jackson. A hedge and slight embankment on the west side of 29th Street partially obstructed the views for travelers going north on 29th and east on Jackson.

According to Bruce Johnson, who was trailing appellant on his bicycle, appellant applied his brake as he approached Jackson Street, but skidded in some loose gravel, entered Jackson Street, turned eastwardly on Jackson, and started "pumping" the bike down Jackson. Bruce expressed the opinion that appellant "tried to outrun" the approaching car of appellee. The boy said that he thought the collision occurred "by a telephone pole."

There is contrariety in evidence as to the point of impact. A police officer who came to the scene just after the event testified that appellant was lying by a "light pole" near the sidewalk on the south side of Jackson Street, about 60 feet east of the intersection of Jackson and 29th Streets. The bicycle was near the same pole, although slightly nearer 29th Street than was appellant. The automobile " * * * was just past where the bicycle lay, but it wasn't past the little boy, the way I remember it. I think it had passed possibly the bicycle where it was laying there against the pole," according to the exact testimony of the officer.

The officer related that the appellee's car was situated about three feet from the south curb of Jackson Street. He observed scratches on the car's right front fender, beginning with a light scratch 12 or 18 inches back of the right headlight. The scratches "got a little heavier" as they "come on back," the officer said. In the top of the car, just over the right side of the windshield, was a dent. There was a "small dent" at the back part of the cowl. The officer testified that appellee told him the scratches and dents had resulted from the collision.

The appellant sustained a fractured skull and brain injury in the collision; he was unable to recall the details of the accident with any degree of certainty. The appellee was called to testify briefly on cross-examination, and said that he did not see appellant before the impact. Appellee said that in his best judgment the collision occurred at the extreme east side of 29th Street at its intersection with Jackson.

During the trial appellant was not able to recall details of the accident, although appellee's counsel elicited answers from him in which he stated that he knew traffic was heavy along Jackson Street, that he should have stopped before entering Jackson, he should have looked to his left but did not think he had, and the accident would not have occurred if he had stopped and looked for traffic. In another portion of the cross-examination appellant spoke of having observed the hedge on his left—to this extent, at least, contradicting his statement that he had not looked to the left.

We examine the question of contributory negligence. Appellant's counsel concedes that the act of appellant would constitute contributory negligence as a matter of law if done by an adult, but asserts that the same rule is not applicable here because of appellant's age. The litigants recognize that our cases have uniformly followed the rule that children ranging from seven through 14 years of age are presumed incapable of contributory negligence, although the presumption is a rebuttable one. Baker v. Sizemore, Ky., 338 S.W.2d 386. Appellant contends that in no case has this court held a child guilty of contributory negligence as a matter of law, when its age ranged between seven and 14 years. Appellee points to Nett v. Zellars, Ky., 353 S.W.2d 379 and Dixon v. Stringer, 277 Ky. 347, 126 S.W.2d 448, in which this court held that the question of the child's capability to be contributorily negligent was properly determined as a matter of law. Of like import is the more recent decision in Willoughby v. Stilz, Ky., 387 S.W.2d 10. Appellant calls attention to 77 A.L.R.2d 917 et seq.,

wherein appears an exhaustive Annotation concerning modern trends as to contributory negligence of children. The cited text adverts to decisions of other jurisdictions which have held children contributorily negligent as a matter of law, but recognizes that " * * * normally, if not always, a question of fact for the jury is presented, rather than one of law for the court." 77 A.L.R.2d 932.

An anomaly appears in the rebuttable presumption rule. Since the rule fixes a prima facie lack of capacity to all children in the seven through 14 age bracket, it must be based on the notion that the *average* child in that age group is incapable of contributory negligence. Yet, the same rule permits a factual showing relating to the age, intelligence and experience of the particular child—and, as was done in Nett v. Zellars, Ky., 353 S.W.2d 379 (as well as Dixon v. Stringer, supra, and Willoughby v. Stilz, supra)—may allow the court to conclude as a matter of law that the child has ample capacity for contributory negligence. Or, the court may submit to the jury whether the facts presented warrant imposition upon the child of the responsibility for contributory negligence. The anomaly arises, however, when the standard of care for the child is defined. It is observed that virtually all authorities agree that the child's conduct is to be measured by the standard of care to be expected under the same or similar circumstances, from the *ordinary* child of like age, intelligence, and experience. See 77 A.L.R.2d 930; Baldwin v. Hosley, Ky., 328 S.W.2d 426, 430; Richie v. Chears, Ky., 288 S.W.2d 660, 662. It would seem that the rule envisions that the ordinary child in the exempted age bracket is not capable of contributory negligence—so evidence is adduced showing that the particular child has the capacity and is thus above average—and in turn the duties imposed on him are those expected of the average child possessing like experience, etc.

It seems to us that the better rule would be to impose on the child-plaintiff the duty to exercise that degree of care reasonably to be expected from the ordinary child of like age, intelligence and experience under like or similar circumstances. It is quite obvious that the normal seven year old child should not be charged with the same degree of care to be expected of the normal 14 year old child, so the blanket rule of rebuttable presumption as to all children encompassed within these age limits lacks basis in reason.[1]

We believe there is no longer any useful purpose in the rebuttable presumption against capacity for contributory negligence as to children within the seven to 14 age group. Rather, we consider it appropriate in cases involving such litigants that they be charged with contributory negligence to the extent that their acts may be deemed violative of the degree of care usually exercised by ordinarily prudent children of the same age, intelligence and experience under like or similar circumstances. This is not to say that no case could arise in which it would be proper to find a child in the 7–14 age group guilty or free of contributory negligence as a matter of law, but it is to say that the case at bar is not such a one. Our earlier decisions to the contrary shall no longer be authoritative as to the presumption against capacity as it relates to children seven to 14, inclusive. Henceforth, when an issue is presented respecting the contributory negligence of a minor plaintiff seven or more years of age, unless the contributory negligence (or lack of it) is established as a matter of law, the jury shall be instructed that the minor is charged with the duty to exercise care for his own safety, commensurate with that degree of care usually exercised by an ordinarily prudent minor of the same age, intelligence and experience of the plaintiff.

This brings us to the question of whether any negligence of the appellee ap-

---

1. These multiples of seven are criticized by Prosser, who says that the great majority of courts have rejected such fixed and arbitrary rules of delimitation. Prosser on Torts, 3d ed., p. 158.

pears in this record. We conclude that the physical facts, considered with the testimony of Bruce Johnson and the appellee, are sufficient to create a jury issue whether appellee was negligent. It will be recalled that appellee said he did not see appellant until the moment of impact—the injured boy and his damaged bicycle were found about 60 feet past the intersection—Bruce Johnson thought the collision occurred by the pole, and that appellant had made his turn and started pumping his pedals as if to "beat" the oncoming car. The marks on the car are not incompatible with the appellant's theory that the car sideswiped the bicycle after the latter had taken its course in the stream of Jackson Street traffic. This leaves the question of appellee's lookout and whether he exercised ordinary care to avoid colliding with the appellant under the circumstances. The jury might well have believed that the car necessarily overtook the bicycle, and that its driver had ample opportunity to avoid the collision in the exercise of ordinary care. In this state of record we hold that it was error to adjudge that the appellee was as a matter of law free of negligence.

Appellant urges that the last clear chance doctrine permits him to recover in this instance. This argument is based on the idea that *if* appellee had been keeping a proper lookout he would have seen appellant in an inextricable position of peril in time to avoid the accident. We agree. The evidence warranted the inference that appellee had a last clear chance to avoid the collision despite any contributory negligence of the appellant. If the evidence upon another trial is substantially the same as upon the first trial the court will qualify the contributory negligence instruction by submitting the issue of last clear chance.

The judgment is reversed for further proceedings consistent with this opinion.

MONTGOMERY and STEWART, JJ., dissenting.