Arthur P. SHELANIE, father and next friend of Keith Alan Shelanie, a minor 14 years of age, et al., Appellants,

v.

NATIONAL FIREWORKS ASSOCIATION and/or Rozzi's Famous Fireworks, Inc., et al., Appellees.

Court of Appeals of Kentucky.

Nov. 17, 1972.

John J. O'Hara, Douglas M. Stephens, O'Hara, Ruberg & Cetrulo, Covington, for appellants.

Joseph A. Boone, Charles E. Dunn, James A. Nolan, Covington, for appellees.

F. BYRD HOGG, Special Commissioner.

Keith Alan Shelanie, 14 years of age, by and through his father and next friend, Arthur P. Shelanie, who individually is also a party, filed this action for personal injuries sustained by Keith on July 6, 1969, while in the area of the city park in Ludlow, Kentucky. The injury occurred after he came through a hole in the fence surrounding Ludlow stadium and on the grounds found what apparently was an aerial bomb, which exploded upon his taking it to the river bank and attempting to burn the contents thereof. Following the discovery depositions of Keith and his father, the appellees filed a motion for summary judgment, which was sustained by the lower court. Thus, this appeal.

The facts briefly are as follows:

Keith and a companion were walking their dogs in the area of Ludlow stadium and entered thereon through a hole in the fence. Upon entering the area of the stadium he found a gray object, round in shape and about 3 inches in diameter. He took the object to the bank of the Ohio River near the park, took it apart and poured a small portion of the contents on a log. He "directly lit" the small portion and the resulting flame "just barely burned my fingers a little bit." Following this first burning, which left the log smoldering, he proceeded to dump the entire contents of the object onto the log and, as he stated, "it just flamed up at me," causing the injuries of which he now complains.

Appellants contend that since this is a negligence action summary judgment has little application and that the trial court committed reversible error in holding that Keith was guilty of contributory negligence as a matter of law.

■ CR 56.03 authorizes a summary judgment if it can be shown, by certain specified means, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," however, it is a device of the profession that is to be used with ex-

treme caution and is not a substitute for a trial. A summary judgment may be invoked in any case where the record shows that there is no real issue as to any material fact. The party moving for summary judgment has the burden of establishing that no genuine issue as to any material fact exists and that he is entitled to judgment as a matter of law. See Williams v. Ehman, Ky., 394 S.W.2d 905 (1965), and cases cited therein.

The material facts as disclosed by Keith in his discovery deposition are undisputed and, unlike Puckett v. Elsner, Ky., 303 S.W.2d 250 (1957), there are no inferences to be drawn therefrom upon which the parties disagree. His case stands or falls on the contents of the depositions of himself and his father, and while the trial court disposed of the matter on the "bare bones" of the record that was available on the motion for summary judgment, appellants do not contend that the "bones" would be any less "bare" in the event of trial.

Prior to Williamson v. Garland, Ky., 402 S.W.2d 80 (1966), our cases had usually followed the rule that children ranging from 7 through 14 years of age were presumed incapable of contributory negligence, although rebuttable. However, in that case we stated:

"We believe there is no longer any useful purpose in the rebuttable presumption against capacity for contributory negligence as to children within the seven to 14 age group. Rather, we consider it appropriate in cases involving such litigants that they be charged with contributory negligence to the extent that their acts may be deemed violative of the degree of care usually exercised by ordinarily prudent children of the same age, intelligence and experience under like or similar circumstances. This is not to say that no case could arise in which it would be proper to find a child in the 7–14 age group guilty or free of contributory negligence as a matter of law, but it is to say that the case at bar

is not such a one. Our earlier decisions to the contrary shall no longer be authoritative as to the presumption against capacity as it relates to children seven to 14, inclusive. *Henceforth, when an issue is presented respecting the contributory negligence of a minor plaintiff seven or more years of age, unless the contributory negligence (or lack of it) is established as a matter of law,* (emphasis ours) the jury shall be instructed that the minor is charged with the duty to exercise care for his own safety, commensurate with that degree of care usually exercised by an ordinarily prudent minor of the same age, intelligence and experience of the plaintiff."

In Cambron v. Bartlett, Ky., 333 S.W.2d 764 (1960), a 14-year-old girl sought damages for injuries sustained in an automobile accident. She voluntarily surrendered control of the car to and rode with a 16-year-old friend as driver. She knew that this friend was both inexperienced and unlicensed to drive. We declared that the plaintiff " * * * was guilty of negligence under common law standards and also by reason of statutory violation, which neglience contributed to bringing about her injuries, thus barring her recovery of damages." We held that a 14-year-old female was guilty of contributory negligence as a matter of law when she blindly walked " * * * into the path of a moving vehicle which she could have seen if she had looked * * *." Couch v. Holland, Ky., 385 S.W.2d 204 (1964). It should be noted that the Cambron and Couch cases predate Williamson v. Garland, supra.

A 15-year-old passenger in a motor vehicle which engaged in a drag race, the driver having been drinking, was declared to have been contributorily negligent as a matter of law. Allgeier v. Grimes, Ky., 449 S.W.2d 911 (1970).

When a danger is apparent to a 14-year-old claimant and in spite of the obvious hazard which he appreciates he voluntarily and knowingly subjects himself to an unreasonable exposure, we know of no reason why, in appropriate circumstances, a motion for a directed verdict should not be sustained on the ground that claimant was guilty of contributory negligence. See 65A C.J.S. Negligence § 149, p. 188.

In the instant case, Keith had witnessed at some distance the fireworks display on July 4th. He had an idea "that it could have come from the fireworks." When he opened it up "and found out the gunpowder was in there and how much gunpowder there was in it, and the gunpowder wasn't colored for it to make colored flashes, I thought it might have been an aerial bomb that explodes." He first dumped a small portion of the gunpowder on a log, lit it directly, and "it just barely burned my fingers a little bit, it just gave me about a first degree burn." The first burning left the log smoldering and "I poured the rest of it on." He had burned gunpowder before "but that was a long time ago, and I used a wick to light it, and I put the wick down there, barely in the pile, and I light the wick and get away from it, and it flames up." For the second burning of the remainder of the gunpowder, "I wanted to light a stick on the end and place it in there and let it flame up about so." According to his father, he had repeatedly been warned of the danger of fireworks.

Why Keith took the object he found to the river bank from the grounds of the Ludlow stadium or what caused his companion, 13 years of age, to be "standing back there by the trees watching me" is not explained. It must be concluded that Keith exposed himself to a danger which an ordinarily prudent child of like age, experience and intelligence would recognize as creating an unreasonable risk of serious bodily injuries and to which he therefore would not expose himself. His negligence was a proximate cause of the injury of which he now complains.

The judgment is affirmed.

All concur.