**Allan HARLOW, father and next friend of Johnny Lynn Harlow, an infant, appellant,**

v.

**Elisabeth Lee CONNELLY and Edward W. Connelly, appellees.**

Court of Appeals of Kentucky.

Jan. 21, 1977.

W. Banks Hudson, III, James F. Clay, Sr., Clay & Clay, Danville, for appellant.

Elwood Rosenbaum, Leslie Rosenbaum, Lexington, James G. Sheehan, Jr., Danville, for appellees.

Before HOGGE, PARK and VANCE, JJ.

PARK, Judge:

This action was commenced in the Boyle Circuit Court to recover for personal injuries suffered by Johnny Lynn Harlow on January 16, 1973, while riding as a passenger in an automobile owned by Edward W. Connelly and driven by his daughter Elisabeth Lee Connelly. As Johnny Lynn Harlow was a minor at the time the action was commenced, the action was instituted by his father as next friend. The trial court sustained the defendants' motion for summary judgment, and Harlow prosecutes this appeal from the judgment entered dismissing the complaint.

Two issues are raised by this appeal. First, was Johnny Lynn Harlow contributorily negligent as a matter of law by riding with Elisabeth Lee Connelly at a time when she was intoxicated? Second, was Ms. Connelly's conduct on the occasion in question such that it constituted wanton or gross negligence which would not be barred by any contributory negligence on the part of Harlow?

In concluding that Harlow was contributorily negligent as a matter of law, the trial court applied the three-fold test enunciated in *Isaac v. Allen,* Ky., 429 S.W.2d 37 (1968). As stated by the Court of Appeals:

" * * * the question must be left to the jury unless three things are obvious, (1) that the driver had been drinking to the extent that his ability to drive was affected, (2) that the person electing to ride with him must have known it, and (3) that a prudent person faced with the same choice under like circumstances would not have ridden with the driver." 429 S.W.2d at 40.

The parties agree that this test should be applied in this case, but they would reach different results.

■ With respect to the first test, it is clear that the trial court correctly concluded as a matter of law that the driver, Elisabeth Lee Connelly, had been drinking to the extent that her ability to drive was affected. Ms. Connelly was traveling at a high rate of speed when she lost control of the automobile and crashed. She admitted that her judgment was impaired as a result of her drinking. In his brief before the trial court, Harlow argued that he was injured because Ms. Connelly was operating her automobile "at a high rate of speed in a state of intoxication so great that she did not know what she was doing or the speed she was traveling." In his appellate brief, Harlow concedes that the first test of the *Isaac* case was satisfied and that Ms. Connelly was intoxicated at the time of the accident. The trial court did not err in holding that Ms. Connelly had been drinking to the extent that her ability to drive was affected.

A more serious problem is raised with respect to the second test in the *Isaac* case. A short narrative of the undisputed facts is required in order to dispose of this issue.

At the time of the accident, Johnny Harlow was seventeen years of age. By an order of the juvenile session of the Boyle County Court, Harlow had been committed to the Department of Child Welfare for an indeterminate period on November 21, 1972. At the time, Elisabeth Lee Connelly was employed as a social worker by the Department of Child Welfare. She was twenty-five years of age. Ms. Connelly had been acquainted with Harlow through her capacity as a foster care worker.

At approximately nine o'clock on the evening of the accident, Harlow and another juvenile, Troy Stratton, caught a ride to Ms. Connelly's residence, a cabin on the

Wells Landing Road. Troy Stratton was sixteen years of age at the time. Ms. Connelly was not at the cabin when Harlow and Stratton arrived, but she returned to her cabin approximately ten minutes later. At that time, Harlow observed that Ms. Connelly was drinking from a sixteen ounce can of beer. .

Harlow and Stratton remained at Ms. Connelly's cabin for several hours. The parties consumed various quantities of different alcoholic beverages. On his deposition, Harlow admitted that he observed Ms. Connelly drink the can of beer, a quantity of wine, and a small amount of gin. Stratton testified that both he and Ms. Connelly were intoxicated. Ms. Connelly could not recall exactly what she drank the night in question.

At approximately 12:30 Ms. Connelly, Harlow and Stratton all drove to Danville in the Connelly automobile for the purpose of buying beer, as they had consumed all of the intoxicants at the cabin. The search for beer in Danville proved a failure, and the accident occurred at approximately 1:00 a. m. as the three were returning to Ms. Connelly's cabin on the Wells Landing Road. According to Harlow, Ms. Connelly was traveling at approximately 90 m. p. h. when she lost control of her automobile.

According to Stratton, Harlow noted Ms. Connelly's erratic driving while they were in Danville. However, Harlow testified that Ms. Connelly never appeared intoxicated to him and that he noticed nothing unusual about her driving until they were returning from Danville to the cabin. In answer to a question whether he thought Ms. Connelly was "cold sober," Harlow testified:

"Maybe not cold sober, but, you know, I didn't think she had that much."

He also testified that he noticed Ms. Connelly speeding up to over 90 miles per hour approximately five to seven hundred yards from the point of the accident. Harlow further contends that he asked her to slow down, but he did not ask her to let him out.

■ Harlow argues that a jury issue was raised with respect to his knowledge of Ms. Connelly's intoxication merely by his denial that he knew she was intoxicated. We disagree. Harlow had been drinking with Ms. Connelly for more than three hours. He observed her consume at least three different types of alcoholic beverages. The parties left the Connelly cabin for the sole purpose of securing additional intoxicating beverages which they intended to consume. Ms. Connelly was admittedly intoxicated. Under these circumstances, the law will not permit Harlow to deny that he did not know of her condition.

■ Much of Harlow's appellate brief is devoted to the argument that there was a jury issue whether Harlow himself was intoxicated. Harlow admitted that he had consumed whiskey, beer, wine, and gin prior to the accident. However, whether he was in fact intoxicated is immaterial. The law imposes the same degree of care upon a voluntarily intoxicated person as is imposed upon a sober person of ordinary prudence under similar circumstances. *Wootton v. Dixon,* 312 Ky. 521, 228 S.W.2d 428 (1950); *Straughan's Adm'r v. Fendley,* 301 Ky. 209, 191 S.W.2d 391 (1945).

■ Harlow makes the point that he was a minor at the time of the collision, and he argues that he should not be held to the same standard of care as an adult. A minor plaintiff is under the duty to exercise that degree of care for his own safety as would usually be exercised by an ordinarily prudent minor of the same age, intelligence and experience of the plaintiff. *Williamson v. Garland,* Ky., 402 S.W.2d 80 (1966). Harlow's minority has no real significance when this standard is applied to the facts in the case. Harlow had been seventeen years of age since the previous September. He had been drinking alcoholic beverages since he was fifteen years of age. Harlow had consumed hard liquor prior to the evening in question, and he admitted that he had been drunk on bourbon whiskey before. Harlow's minority was no bar to the granting of a summary judgment on the grounds of his contributory negligence. See, *Allgeier v. Grimes,* Ky., 449 S.W.2d 911 (1970); *She-*

*lanie v. National Fireworks Association,* Ky., 487 S.W. 921 (1972).

The third test set forth in the *Isaacs* case is also satisfied. No prudent person would have ridden with Ms. Connelly under the circumstances. Ms. Connelly lost control of her automobile while driving at an extremely high rate of speed, clearly indicating that her ability to operate her automobile was affected by her drinking. No prudent person would have entered Ms. Connelly's automobile in order to pursue an early morning search for additional liquor, with knowledge that she had been consuming a variety of alcoholic beverages over a three hour period.

The trial court correctly concluded that all three tests of the *Isaacs* case had been satisfied. The trial court did not err in granting a motion for summary judgment on the issue of Harlow's contributory negligence.

In sustaining the motion for summary judgment, the trial court concluded as a matter of law that Ms. Connelly was "grossly, willfully and wantonly negligent" and that "not only was there absence of slight care; there was no care at all." Harlow asserts that any contributory negligence on his part is not a defense because of the aggravated nature of Ms. Connelly's negligence. Harlow relies upon the rule that ordinary contributory negligence of a plaintiff constitutes no defense when the defendant has acted wantonly or reckless, or has intentionally injured the plaintiff. See, *Bickel v. Bennett,* 267 Ky. 232, 101 S.W.2d 943 (1937); *First National Insurance Co. of America v. Harris,* Ky., 455 S.W.2d 542 (1970).

Connelly does not quarrel with the general rule that contributory negligence is no defense to aggravated negligence. However, she relies upon the exception to that rule in cases in which the plaintiff's conduct is of the same aggravated nature as the defendant's conduct. Connelly cites § 503 of the *Restatement (Second) of Torts,* which provides, in part, as follows:

"A plaintiff's contributory negligence does not bar recovery for harm caused by the defendant's reckless disregard for the plaintiff's safety.

\* \* \* \* \* \*

"(3) A plaintiff whose conduct is in reckless disregard of his own safety is barred from recovery against a defendant whose reckless disregard of the plaintiff's safety is a legal cause of the plaintiff's harm."

See also, *Restatement (Second) of Torts,* § 482(2).

In 2 Harper and James, *The Law of Torts* § 22.6, at Pages 1214-15 (1956), the rule is stated:

"While contributory negligence does not bar an action for injury wantonly inflicted, plaintiff's conduct will bar such an action if it is itself a wanton or willful exposure of his own person or property to the risk—wantonness will bar an action for wanton misconduct. \* \* \* This notion has been frequently invoked in actions under automobile guest statutes where plaintiff must prove wantonness and will not be barred by ordinary contributory negligence. *If plaintiff knows that his driver-host is drunk,* for instance, or that he has a physical handicap which makes it dangerous for him to drive, the guest's voluntary self exposure to such a risk may be so unreasonable as to bar him under the present principle even if the court sees in defendant's conduct a wanton breach of a duty to use care toward the plaintiff." (Emphasis added)

In sustaining the motion for summary judgment, the trial court relied on a leading case in support of the foregoing rules, *Schubbring v. Weggen,* 234 Wis. 517, 291 N.W. 788 (1940).

In the present case, Harlow had been drinking with Ms. Connelly for over three hours. He had ample opportunity to observe her admitted intoxication. There was no compelling necessity for Harlow to ride with Ms. Connelly. The only reason for the trip to Danville was to acquire more alcoholic beverages. Harlow had an opportunity to leave the car while they were in Danville searching unsuccessfully for more beer. Considering all of the circumstances in the case, the court concludes that the

negligence of Harlow had the same quality or degree as the negligence of Ms. Connelly. Consequently, Harlow's negligence is a defense to the action.

The trial court did not err in granting a motion for summary judgment. The judgment of the trial court should be affirmed.

HOGGE, J., concurs.

VANCE, J., dissents.

VANCE, Judge, dissenting:

I respectfully dissent because a summary judgment cannot properly be entered unless there is no genuine issue of fact to be determined.

Appellant's claim cannot be denied on the ground of contributory negligence unless he knew (or should have realized) that Elisabeth Connelly had been drinking to the extent that her ability to drive was affected. *Isaac v. Allen,* Ky., 429 S.W.2d 37 (1968).

Whether appellant knew this or should have realized it is a question of fact which should be determined by a jury unless the evidence is such that reasonable minds are compelled to only one conclusion.

In depositions filed and considered by the court the appellant testified that Ms. Connelly did not appear intoxicated to him and that he noticed nothing unusual about her driving until a short distance before the accident.

A jury would have been entitled to believe him unless other circumstances rendered his testimony unbelievable as a matter of law.

Appellant had been in the presence of Ms. Connelly and another companion constantly for approximately three to three and one-half hours prior to the accident. During that time appellant observed Ms. Connelly drinking from a sixteen-ounce can of beer plus an unknown part of one bottle of wine and a small amount of gin.

It is my opinion that these circumstances would easily support, but do not compel, a finding that appellant must have known Ms. Connelly's ability to drive was affected.

Appellant knew Ms. Connelly drank from a can of beer but whether she drank the whole can or only part of it was not established. The gin bottle had only about one-half inch of gin in it and it was not shown how much of that was drunk by Ms. Connelly and how much by the others. The quantity of wine consumed by Ms. Connelly was not shown.

Although the three persons involved drank all of the alcoholic beverages they had during a period of three to three and. one-half hours, a jury would not be compelled to believe that appellant saw Ms. Connelly consume any more than a part of one can of beer, a swallow or two of wine and a sip of gin during that period.

Such small consumption would not compel appellant to realize Ms. Connelly was intoxicated. The mere fact that she was intoxicated does not mean that he had to realize it—or else there would be no need for the second test established by *Isaac v. Allen,* supra.

Perhaps a jury would reach the same conclusion as the trial judge, but we are not entitled to assume this would happen.

I think there was a genuine question of fact in this case about which reasonable men could reach different conclusions on the basis of the evidence and therefore summary judgment was not proper. I would reverse the judgment for further proceedings.